J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

MELANIE MAYER (*pro hac vice*)
mmayer@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile:  206.389.4511

CHIEH TUNG (CSB No. 318963)
ctung@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Attorneys for Defendants
MERIL LIFE SCIENCES PVT. LTD.
and MERIL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| EDWARDS LIFESCIENCES CORPORATION, a Delaware Corporation; EDWARDS LIFESCIENCES LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>MERIL LIFE SCIENCES PVT. LTD., and MERIL, INC.,<br><br>Defendants. | Case No.: 4:19-cv-06593-HSG<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION OF MERIL LIFE SCIENCES PVT. LTD. AND MERIL, INC. TO DISMISS PURSUANT TO RULE 12(C)** |
|---|---|

REQUEST FOR JUDICIAL NOTICE                                                        CASE NO.: 4:19-CV-06593-HSG

Meril Life Sciences Pvt. Ltd. and Meril, Inc. (collectively "Meril") hereby request that the Court take judicial notice of the following materials under Federal Rule of Evidence 201:

1. Exhibits 1A-1P to the Declaration of Melanie Mayer ("Mayer Declaration") are true and correct copies of all fifteen 510(k) Premarket Notification database entries, and a results page, from the U.S. Food and Drug Administration (the "FDA") website related to Meril's medical devices.

2. Exhibit 2 to the Mayer Declaration is a true and correct copy of a publicly accessible FDA webpage which describes the Premarket Notification 510(k) process.

3. Exhibit 3 to the Mayer Declaration is a true and correct copy of http://www.myval.com/about-meril, a publicly accessible webpage describing Meril's operations, incorporated into the First Amended Complaint (Dkt. 51) ("FAC") ¶ 45.

4. Exhibit 4 to the Mayer Declaration is a true and correct copy of Dr. Ashok Seth's presentation on the Myval 30-patient study from the 2018 TCT conference, which Plaintiff's FAC references and relies on and which was produced in this case with Bates Nos. MERIL00002381-2400.

5. Exhibit 5 to the Mayer Declaration is a true and correct copy of Dr. Ashok Seth's publicly available presentation on Myval 30-patient study from the 2019 EuroPCR conference, available at http://www.crtonline.org/presentation-detail/one-year-clinical-outcomes-of-india-s-first-indige, which Plaintiff's FAC references and relies on and which was produced in this case with Bates Nos. MERIL00002358-2380.

6. Exhibit 6 to the Mayer Declaration contains true and correct copies of dictionary definitions for the words "accredit"/"accreditation" and "indigenous" from the 11th edition of the Merriam-Webster Dictionary (2019).

I.    **MEMORANDUM OF POINTS AND AUTHORITIES**

On a Rule 12(c) motion, a court may consider "documents referenced extensively in the complaint, documents that form the basis of plaintiff's claims, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted." *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 995 (N.D. Cal. 2014) (internal

citations omitted). The Court may consider each of the identified documents for the reasons described below.

### A. The Court may take judicial notice of publicly available websites.

Generally, "websites and their contents," and "government agency websites" "and their contents [in particular,] may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (internal citations omitted); *Paralyzed Veterans of Am. v. McPherson*, No. 06-cv-4670 SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008). Courts have consistently found content from the FDA website to be a proper subject for judicial notice. *See, e.g.*, *id.*; *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878–79 (N.D. Cal. 2013) (taking judicial notice of FDA database with medical device listings); *Hansen Bev. Co. v. Innovation Ventures*, No. 08-cv-1166-IEG (POR), 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009) (taking judicial notice of materials from the FDA website).

**Exhibits 1A-1P and 2** are copies of publicly available FDA webpages from the FDA's databases. Mayer Dec. ¶¶ 2-3. Exhibits 1A-1P show that Meril filed fifteen premarket notifications for several devices with the FDA and that the FDA found those devices "Substantially Equivalent." *See id.* ¶ 2. Exhibit 2 is a copy of an FDA webpage explaining the 510(k) Premarket Notification process, which states that once the FDA finds a device "Substantially Equivalent" it may be marketed in the United States. *Id.* ¶ 3. **Exhibit 3** is a copy of a publicly available webpage published by Meril, which is incorporated into the FAC at paragraph 45. *Id.*, ¶ 4. The Court may take judicial notice of these webpages and their contents as proper subjects of judicial notice.

### B. The Court may take judicial notice of presentations incorporated into the First Amended Complaint.

Slide presentations, which are not submitted for the truth of the matter asserted, are proper subjects for judicial notice. *See, e.g.*, *In re Nektar Therapeutics*, No. 18-cv-06607-HSG, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020) (granting request for judicial notice for slide decks that the plaintiff "refer[red] extensively to" as containing the alleged misrepresentations); *In re Century Aluminum Co. Sec. Litig.*, 749 F.Supp.2d 964, 979–80 (N.D. Cal. 2010) (granting request

for judicial notice for slide deck presentations submitted to show the disclosure of information and not for the truth of the matter asserted).

Under the doctrine of incorporation by reference, a court may consider certain documents as part of the complaint. *In re Nektar Therapeutics*, 2020 WL 3962004, at *7. A document is treated as "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also*, *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (stating a court may consider the referenced writing if the complaint relies on it and its authenticity is unquestioned). The court may consider the full text of such documents, even if the complaint relies only on selected portions. *See In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 865 (N.D. Cal. 2004).

**Exhibits 4 and 5** are presentations presented by Dr. Ashok Seth at the 2018 TCT conference and the 2019 EuroPCR conference, respectively. Mayer Dec. ¶¶ 5,6. Meril produced both presentations to Plaintiff in discovery and the parties do not dispute their authenticity. *Id.* Plaintiff references and relies on the 2018 TCT presentation as its basis to assert its unfair competition claims, and specifically includes a graphic from Meril's website that cites to the 2018 TCT presentation. FAC ¶¶ 46 (first paragraph), 104. Plaintiff also references the publicly available 2019 EuroPCR presentation, and specifically includes a screenshot from a Meril YouTube video that cites to the 2019 EuroPCR presentation. FAC ¶¶ 46 (second paragraph), 51, 96, 108. The Court may judicially notice these presentations and their contents, as being incorporated into the FAC.

**C. The Court may take judicial notice of dictionary definitions.**

Courts in the Ninth Circuit routinely take judicial notice of dictionary definitions. *See, e.g.*, *Threshold Enters.*, 445 F.Supp.3d at 146 (internal citations omitted) (finding that "[d]ictionary definitions are also a proper subject for judicial notice"); *Rugg v. Johnson & Johnson*, No. 17-cv-05010-BLF, 2018 WL 3023493, at *3 n.3 (N.D. Cal. June 18, 2018) (internal citations omitted). **Exhibit 6** contains copies of the dictionary definitions for the words "accredit"/"accreditation" and "indigenous." Mayer Dec. ¶ 7. Thus, the Court may take judicial

notice of these definitions as they are frequently the proper subject of judicial notice.

## II. CONCLUSION

For the foregoing reasons, Meril respectfully request that the Court take judicial notice of Exhibits 1-6 to the Mayer Declaration.

Dated:   November 24, 2020              FENWICK & WEST LLP

By:  /s/ Melanie Mayer
     Melanie Mayer
     J. David Hadden
     Chieh Tung

     Attorneys for Defendants
     Meril Life Sciences Pvt. Ltd. and Meril, Inc.