UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERIL LIFE SCIENCES PVT. LTD., et al.,<br><br>Defendants. | Case No. 19-cv-06593-HSG<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS; DENYING REQUEST FOR JUDICIAL NOTICE; DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; AND GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 107, 108, 119, 120, 123, 129, 137 |

Pending before the Court are Defendants' motion for judgment on the pleadings and request for judicial notice. Dkt. Nos. 107, 108. Also pending is Plaintiffs' motion for leave to file a second amended complaint, with associated administrative motions to file under seal. Dkt. No. 119, 120, 123, 129. For the foregoing reasons, the Court **DENIES** the motion for judgment on the pleadings; **DENIES AS MOOT** the request for judicial notice; **DENIES** the motion for leave to file a second amended complaint; and **GRANTS** the motions to seal.[1]

**I.    BACKGROUND**

As this case has been very actively (and acrimoniously) litigated, the parties are aware of the relevant facts, so only a brief summary is necessary here. Defendant Meril Life Sciences ("Meril") is an India-based, global medical device company. Dkt. No. 98 at 1. Meril created a "Myval" branded transcatheter heart valve. *Id.* Plaintiff Edwards Lifesciences Corporation is a supplier of medical devices for the treatment of heart disease, including artificial heart valves. *Id.*

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

at 2.  Among its best-known products are its "SAPIEN®" transcatheter prosthetic heart valves.  *Id.*  Plaintiffs brought the current lawsuit against Defendants alleging patent infringement, trademark infringement, unfair competition, and false advertising claims relating to the parties' transcatheter heart valves.  Dkt. No. 1 at 25-31.

On October 16, 2020, the Court granted Defendants' motion for summary judgment on Plaintiffs' patent infringement claims.  Dkt. No. 98 at 20.  On April 6, 2020, Plaintiffs filed a first amended complaint ("FAC") with surviving claims for (1) Statutory and Common Law Trademark Infringement in violation of 15 U.S.C. § 1114 and the common law; (2) Unfair Competition in violation of 15 U.S.C. § 1125(a); and (3) Unfair Competition and False Advertising in violation of §§ 17200 and 17500. of the California Business and Professions Code.  Dkt. No. 51 ¶¶ 96-111.  On November 24, 2020, Defendants moved for judgment on the pleadings on Plaintiffs' remaining claims.  Dkt. No. 107.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(c) a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial."  "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006).  "Rule 12(c) is functionally identical to Rule 12(b)(6) and ... the same standard of review applies to motions brought under either rule."  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (quotation omitted).  The Court will "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit clarified the judicial notice rule and incorporation by reference doctrine.  *See* 899 F.3d 988 (9th Cir. 2018).  Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Accordingly, a court may take "judicial notice of matters of

public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (citation and quotations omitted). The Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id.* at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* As an example, the Ninth Circuit held that for a transcript of a conference call, the court may take judicial notice of the fact that there was a conference call on the specified date, but may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id.* at 999–1000.

Separately, the incorporation by reference doctrine is a judicially-created doctrine that allows a court to consider certain documents as though they were part of the complaint itself. *Id.* at 1002. This is to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims. *Id.* Incorporation by reference is appropriate "if the plaintiff refers exclusively to the document or the document forms the basis of plaintiff's claim." *Khoja*, 899 F.3d at 1002. However, "the mere mention of the existence of a document is insufficient to incorporate the contents" of a document. *Id.* at 1002. And while a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss … it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

A party seeking to file a second or successive amendment "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Under Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). Despite the liberality with which Rule 15(a) is applied, the Court may exercise its discretion to deny leave to amend due to factors such as (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican*

3

*Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012).

## III. DISCUSSION

### A. Motion For Judgment On The Pleadings[2]

Defendants contend that all of Plaintiffs' remaining claims fail as a matter of law and should be dismissed. Dkt. No. 107 at 2. The Court disagrees.

Regarding the trademark infringement claim, Plaintiffs allege that Defendants' use of the "partner the future" slogan to promote its Myval product was an intentional effort to capitalize on Plaintiffs' innovation and recognized PARTNER trademark. FAC at ¶ 51. Defendants argue that Plaintiffs have failed to state a claim for infringement of Plaintiffs' PARTNER trademark. Dkt. No. 107 at 7. Defendants contend that this claim must fail because they used the words "partner the future" according to their plain and ordinary English meanings, not as a trademark. *Id*. Plaintiffs respond, accurately, that resolution of their trademark infringement claim depends on questions of consumer perception and likelihood of confusion. Dkt. No. 109 at 5-6; *see Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1072 (9th Cir. 2014) (explaining that a trademark infringement claim requires "that the plaintiff show a likelihood of confusion through the balancing of eight factors."). It is well-established in the Ninth Circuit that likelihood of confusion and consumer perception questions are issues of fact. *See, e.g., Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 897 (9th Cir. 2019) (explaining that "[t]he existence of consumer confusion is a fact-intensive analysis that does not lend itself to a motion to dismiss."). While the Court is not completely precluded from ruling on questions of consumer perception as a matter of law if the evidence is so one-sided that no doubt exists about the answer, *see Murray v. Cable Nat. Broadcasting Co.,* 86 F.3d 858, 862 (9th Cir. 1996), this is not such a circumstance. Plaintiffs have adequately alleged the possibility that a consumer could be confused by the prominent use of the word "partner" in promotional material regarding similar transcatheter heart valves.

---

[2] Defendants are somewhat inconsistent in how they refer to their motion. For the avoidance of doubt, the Court notes that Defendants filed their motion under Federal Rule of Civil Procedure 12(c), which relates to motions for judgment on the pleadings.

Regarding the unfair competition and false advertising claims, Plaintiffs allege in the FAC that Defendants made several misleading statements, including: (1) that Myval is the "best possible solution for severe aortic stenosis," FAC at ¶ 43; (2) that Myval is approved by the United States Food and Drug Administration ("FDA"), *Id*. at ¶ 45; and (3) other statements concerning the quality of the Myval system and its efficacy, *Id*. at ¶ 46-48.  Defendants argue that these allegedly false and misleading claims are not false or misleading and did not affect U.S. commerce and therefore should fail as a matter of law.  Dkt. No. 107 at 10.

To state a false advertisement claim under the Lanham Act, Plaintiffs must adequately allege:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by lessening of the goodwill associated with its products.

*Wells Fargo*, 758 F.3d at 1071.  Similarly, claims under the California unfair competition statutes are governed by the "reasonable consumer" test.  *Williams v. Gerber Products Co.,* 552 F.3d 934, 938 (9th Cir. 2008) (*citing Freeman v. Time, Inc*., 68 F.3d 285, 289 (9th Cir. 1995)).  The reasonable consumer test analyzes whether a party can show that members of the public are likely to be deceived.  *Williams*, 552 F.3d at 938.  These analyses are fact-intensive and generally should not be decided on the pleadings, because they require resolution of disputed questions of falsity, likelihood of deception, materiality of deception, and likelihood of injury.  *See Hana Fin., Inc. v. Hana Bank*, 574 U.S. 418, 422 (2015) ("[W]e have long recognized across a variety of doctrinal contexts that, when the relevant question is how an ordinary person or community would make an assessment, the jury is generally the decisionmaker that ought to provide the fact-intensive answer.").  It is rare for courts to grant a motion to dismiss under the unfair competition statutes because whether a business practice is deceptive usually will be a question of fact.  *See Williams*, 552 F.3d at 938-939 (citing *Linear Tech Corp. v. Applied Materials, Inc*., 152 Cal.App.4th 115,

134-35 (2007)). If Plaintiffs can prove that Defendants made false or misleading statements about issues such as FDA approval, it is at least plausible that such statements could materially deceive potential consumers.[3]

The Court finds that Plaintiffs have adequately stated their remaining claims in the FAC and that the resolution of disputed factual questions is not appropriate at this stage of the litigation. Accordingly, Defendants' motion for judgment on the pleadings is **DENIED**.

### B. Request for Judicial Notice

In support of their motion for judgment on the pleadings, Defendants request judicial notice of: (1) dictionary definitions; (2) material taken from their website and the FDA's website; (3) database entries; and (4) materials presented at conferences in 2018 and 2019. Dkt. 108 at 1. As discussed above, Plaintiffs' surviving claims implicate disputed factual issues that are not appropriate for resolution at the pleading stage. None of the material referenced in the request for judicial notice affects the Court's legal analysis or its decision on the motion for judgment on the pleadings. Accordingly, the Court **DENIES AS MOOT** Defendants' request for judicial notice.

### C. Motion For Leave To File Second Amended Complaint

On March 11, 2021, two months after Defendants' motion for judgment on the pleadings was taken under submission, Plaintiffs filed a motion for leave to file a second amended complaint. Dkt. No. 120. Plaintiffs seek leave under Federal Rule of Civil Procedure 15 to allege additional facts in support of their false advertising and unfair competition causes of action. Dkt. No. 120 at 1. Plaintiffs contend that they should be allowed to amend because Defendants obstructed discovery of certain documents that allegedly show that Defendants misled consumers and regulators. *Id.* at 5-10. Defendants oppose the motion for leave. Dkt. No. 141.

While Rule 15 is to be applied liberally, *see Townsend*, 543 F.3d at 485, it is unclear to the Court why the proposed amendment is necessary given Plaintiffs' previous amendment and

---

[3] Despite Defendants' arguments to the contrary, Dkt. No. 107 at 16-18, Plaintiffs also adequately allege entry into United States interstate commerce, including through importation of Myval products into the United States and promotional presentations at conferences in California. *See* FAC ¶¶ 31, 45, 47, 104.

1   success in opposing the motion for judgment on the pleadings.  Plaintiffs first proposed a second
2   amended complaint ("SAC") in their December 17, 2020 opposition to Defendants' motion for
3   judgment on the pleadings as a way to remedy any potential deficiencies in their first amended
4   complaint.  Dkt. No. 109 at 24-25; Dkt. No. 109-2.  Plaintiffs could have chosen to wait for the
5   Court's decision, which as discussed above allows their claims to proceed.  Instead, Plaintiffs
6   moved for leave to file a different, more expansive SAC, apparently as a reaction to Defendants'
7   alleged recalcitrance in the discovery process.  *See* Dkt. No. 109 at 25 n.9.  As Plaintiffs
8   acknowledge, the currently proposed SAC "does not seek to add any new parties, new claims, or
9   new theories."  Dkt. No. 150 at 1.  Rather the motion for leave to file the SAC seems to be a
10  discovery tactic by Plaintiffs.  *Id.* at 2 ("Edwards initially proposed the December Amendments
11  largely to address Meril's unfounded position that discovery was strictly limited to each specific
12  misrepresentation alleged in the complaint.").  Magistrate Judge Westmore has already rejected
13  Defendants' attempts to improperly limit discovery and has ordered Defendants to comply with
14  their discovery obligations.  *See* Dkt. No. 116 at 2 ("Relevancy is very broad, and Meril's
15  argument that it should not be forced to provide discovery about claims that are not in the
16  operative complaint is not well taken, because it mischaracterizes the allegations in the first
17  amended complaint.").

18        The Court has found that Plaintiffs have adequately stated their surviving claims.
19  Allowing Plaintiffs to further amend at this advanced stage of litigation—after a successful motion
20  for partial summary judgment, an amended complaint, extensive discovery, and an unsuccessful
21  motion for judgment on the pleadings—would prejudice Defendants.  *See Eminence Cap., LLC v.*
22  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("[I]t is the consideration of prejudice to the
23  opposing party that carries the greatest weight.").  They would be compelled to respond yet again
24  to the new allegations, and any responsive motions practice that Defendants chose to pursue would
25  quickly run up against dispositive motion and trial deadlines.  *See Morongo Band of Mission*
26  *Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (explaining how prejudice to defendants can
27  result when amendment would diminish defendants' ability to respond to the amended pleading).
28  Moreover, it is simply unnecessary and a waste of the parties' and the Court's resources for

Plaintiffs to seek to repeatedly amend their complaint on a rolling basis to incorporate facts as they emerge in the routine process of discovery. *See City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) ("[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint."); *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Rsrv., N. Dakota & S. Dakota v. United States*, 90 F.3d 351, 355-356 (9th Cir. 1996) (upholding the denial of leave to amend where the proposed amendments would be redundant). Plaintiffs will have the opportunity to prove their trademark infringement and false advertising and unfair competition claims at trial if the case proceeds that far, using the ample discovery they have received. Judge Westmore will continue to oversee the discovery process and enforce the legal obligations of both sides. Accordingly, the motion for leave to file a second amended complaint is **DENIED**.

### D. Administrative Motions to Seal

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.' " *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotation omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th

8

Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

The documents at issue in the pending motions to seal relate to Plaintiffs' nondispositive motion for leave to file a second amended complaint so the Court will apply the lower good cause standard. Defendants have designated as CONFIDENTIAL and seek to seal certain sensitive proprietary information concerning their non-public clinical data and analysis and their regulatory strategies. Dkt. No. 123 at 2. Plaintiffs oppose the CONFIDENTIAL designation. Dkt. No. 129. The Court has already found that similar information concerning Defendants' clinical and regulatory strategies met the more stringent "compelling reasons" standard in its order on summary judgment. Dkt. No. 98 at 17-19. The Court finds that the information at issue here is proprietary and meets the good cause standard to file under seal. *See, e.g*. *Lucas v. Breg, Inc*., No. 15-cv-00258-BASNLS, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016) (sealing 510(k) premarket submission to the FDA addressing safety and effectiveness of device); *United States ex rel. Ruhe v. Masimo Corp*., No. 10-cv-08169-CJC(VBKx), 2013 WL 12131173, at *2 (C.D. Cal. Aug. 26, 2013) (internal research studies and clinical tests for developing the accused device, and non-public data submitted to the FDA in the course of regulatory approval, were "confidential, proprietary, and [ ] valuable"); *In re Incretin-Based Therapies Prods. Liab. Litig.*, No.13md2452 AJB (MDD), 2015 WL 11658712, at *3 (S.D. Cal. Nov. 18, 2015) (sealing confidential and proprietary information relating to the "development, testing, and regulation" of proposed drugs, the disclosure of which would result in "significant competitive harm"); *Biovail Labs., Inc. v. Anchen Pharm., Inc*., 463 F. Supp. 2d 1073, 1083 (C.D. Cal. 2006) ("indisputable" that information contained in abbreviated new drug application to the FDA constituted trade secrets, the disclosure of which to a competitor would be "extremely damaging"). Accordingly, the motions to seal are **GRANTED**.

### IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' motion for judgment on the pleadings, Dkt. No. 107; **DENIES AS MOOT** Defendants' request for judicial notice, Dkt.

No. 108; and **DENIES** Plaintiffs' motion for leave to file a second amended complaint, Dkt. No. 120.  The Court **GRANTS** the administrative motions to seal.  Dkt. No. 119, 123, 129, 137.

**IT IS SO ORDERED.**

Dated:  4/8/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge