1  J. DAVID HADDEN (CSB No. 176148)
   dhadden@fenwick.com
2  FENWICK & WEST LLP
   Silicon Valley Center
3  801 California Street
   Mountain View, CA 94041
4  Telephone:    650.988.8500
   Facsimile:    650.938.5200
5
   MELANIE MAYER (*pro hac vice*)
6  mmayer@fenwick.com
   JEFFREY A. WARE (CSB No. 271603)
7  jware@fenwick.com
   FENWICK & WEST LLP
8  1191 Second Avenue, 10th Floor
   Seattle, WA 98101
9  Telephone: 206.389.4510
   Facsimile:  206.389.4511
10
   CHIEH TUNG (CSB No. 318963)
11 ctung@fenwick.com
   FENWICK & WEST LLP
12 555 California Street, 12th Floor
   San Francisco, CA 94104
13 Telephone:    415.875.2300
   Facsimile:    415.281.1350
14
   Attorneys for Defendants
15 MERIL LIFE SCIENCES PVT. LTD.
   and MERIL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Edwards Lifesciences Corporation, a Delaware Corporation; Edwards Lifesciences LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>Meril Life Sciences Pvt. Ltd., and Meril, Inc.,<br><br>Defendants. | Case No.: 4:19-cv-06593-HSG<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Paragraph 17 of this Court's Standing Order and Rule 7-11 of the Civil Local Rules, Meril Life Sciences Pvt. Ltd. and Meril, Inc. (collectively, "Meril") seek leave to file a second summary judgment motion. Early in the case, Meril filed a summary judgment motion of no patent infringement, because plaintiff only alleged acts by Meril that qualified as non-infringing under the patent statute's safe harbor exception. The Court granted summary judgment, thus avoiding a claim construction hearing and order, and narrowing the parties' scope of discovery. The parties are now at the end of discovery, and Edwards has failed to adduce any evidence that it is entitled to damages for its remaining trademark and unfair competition claims. Despite this, and the fact that Meril does not sell or market its alleged competing product in the United States, Edwards seeks billions of dollars in potential damages, including Meril's foreign profits from countries where Edwards also sued Meril. Meril could not have addressed Edward's lack of evidence and erroneous damages theories in its early summary judgment motion and respectfully requests that the Court allow it to file a second summary judgment motion.

## I.   BACKGROUND

The parties in this case are medical device companies that manufacture and distribute transcatheter artificial heart valve and delivery systems for the treatment of severe aortic valve stenosis. Plaintiffs Edwards Lifesciences Corp. and Edwards Lifesciences LLC (collectively "Edwards") market and sell their Sapien transcatheter heart valves in the United States and worldwide. Meril, an Indian company, sells its Myval transcatheter heart valve in select countries, including several in Europe, but Myval is not approved by the FDA for sale in the United States. On October 14, 2019, Edwards filed this lawsuit, asserting claims of patent infringement, trademark infringement, and unfair competition. Dkt. 1. Edwards also filed similar lawsuits against Meril in eleven other countries, including France, United Kingdom, Italy, Germany, Denmark, Poland, Spain, Netherlands, Sweden, Austria, and Hungary.

For its patent infringement claims, Edwards alleged two acts of infringement based on Meril's shipment of a small number of Myval devices into the United States (1) to recruit clinical trial investigators at the 2019 TCT Conference in San Francisco and (2) to conduct preclinical studies to support FDA approval. At the March 24, 2020 Case Management Conference, Meril

requested leave to file an early summary judgment motion on a threshold issue in the case – whether Edwards' patent infringement claims were barred by the safe harbor of 35 U.S.C. § 271(e)(1). Recognizing that Meril's safe harbor defense was a threshold issue, the Court allowed Meril to file an early summary judgment motion directed to Edwards' patent infringement claims. On October 16, 2020, the Court granted summary judgment of non-infringement, finding that all of the alleged acts of patent infringement fell under the safe harbor because they were reasonably related to the submission of information to the FDA. Dkt. 98.

On November 13, 2020, the Court issued a Scheduling Order governing Edwards' remaining claims of trademark infringement and unfair competition. Dkt. 106. The Court set the following case deadlines: August 6 and August 20, 2021 for the exchange of opening and rebuttal expert reports; September 3 and 7, 2021 for the close of fact and expert discovery; and October 21, 2021 for the dispositive motion hearing. *Id*. The Court also set the Pretrial Conference on January 18, 2022 and the Jury Trial to begin on February 7, 2022. *Id.*

For its trademark infringement claim, Edwards alleges that Meril infringed its PARTNER trademark by using the phrase "Partner the Future" at the 2019 TCT conference in the United States and the 2019 EuroPCR conference in Paris, France; in email blasts related to those conferences; and on Meril's Facebook and YouTube pages. Edwards also accuses Meril of unfair competition based on certain statements made by Meril that Edwards alleges were purposefully incorrect. A few of these alleged misstatements were made at the 2018 and 2019 TCT conferences, and the remainder were made outside of the United States. During the course of discovery, Edwards failed to produce any evidence that these alleged actions caused Edwards any harm. For example, there is no evidence that Edwards lost any sales for its Sapien product; there is no evidence that Edwards suffered any price erosion; and there is no evidence that these alleged acts caused doctors not to engage in Edwards' clinical trials—either inside the U.S. or globally.

Edwards's failure to show harm prohibits any damages recovery in this case. *See Out of the Box Enters., LLC v. El Paseo Jewelry Exch., Inc.*, 732 F. App'x 532, 534 (9th Cir. 2018) (holding that plaintiff's failure to present evidence that defendant's acts caused the existence or amount of damages precluded an award of damages as a matter of law). Despite Edwards' lack of evidence

showing harm, Edwards' damages expert issued his report describing potential damages in excess of $*1.7 billion*.  He does not identify any damages based on Edwards' lost sales or clinical study opportunities in the United States or elsewhere.  Nor does he allege damages from Meril's sale of Myval in the United States, because Myval is not sold there.  Instead, he estimates damages using three approaches.

For his first approach, loss of goodwill, Mr. Wagner calculates Edwards' research and development expenditures for its Sapien line of transcatheter heart valves, designates this amount as the amount of goodwill associated with the PARTNER trademark, and assumes there must be some diminishment in this mark based on Meril's alleged conduct.  He does not calculate a dollar amount for this alleged diminishment, nor does he identify any evidence showing that Meril's alleged acts caused any diminishment.

For his second approach, Mr. Wagner takes several different approaches to address corrective advertising.  Mr. Wagner, however, identifies no evidence that any consumers were deceived by Meril's alleged acts, much less that the deception caused Edwards any damage.

For his third approach, disgorgement, Mr. Wagner estimates Meril's foreign profits on its sale of Myval to hospitals in Europe.  He purports to do this by identifying European hospitals that purchased Myval and that employed a doctor that attended the 2018 and 2019 TCT Conferences.  However, Mr. Wagner fails to identify any evidence showing that Meril's alleged acts at those conferences caused those hospitals to purchase Myval.  For example, Edwards produced no evidence that any of the identified physicians actually visited Meril's trade show booth, that the alleged infringement or incorrect statements confused or otherwise caused the physicians to want to use Myval, that they were involved in their hospitals' purchasing decisions regarding Meril, or whether those hospitals purchased Myval for other reasons.  Mr. Wagner also fails to explain how these damages are related to commerce in the U.S. protected by the Lanham Act and state unfair competition claims, nor does he address the issue of comity and double-recovery given Edwards' many lawsuits in those countries addressing the same sales of Myval.

## II.     ARGUMENT

Under the Court's Standing Order, a party may file a second motion for summary

judgment upon a showing of good cause. J. Gilliam Civil Standing Order ¶ 17.  Meril has good cause to file a second summary judgment motion.

First, the motions do not overlap.  Meril's summary judgment motion filed at the start of this case addressed a narrow legal issue amenable to early adjudication—Edwards' patent infringement claims were barred by the safe harbor of 35 U.S.C. §271(e)(1). Dkt. 98 at 6.  By contrast, the issues Meril intends to raise in its second summary judgment motion—Edwards' failure to produce evidence that Meril's allegedly unlawful acts caused Edwards harm—are properly addressed now at the close of fact and expert discovery.

Second, Meril's first summary judgment motion narrowed the issues in this case before full-scale discovery, and saved the Court and parties time, effort, and expense.  By granting summary judgment in October 2020, the Court avoided having to conduct a claim construction hearing and issue a *Markman* order.  The parties also saved significant resources, including the necessity of retaining experts for the patent infringement claims and conducting discovery and litigating the validity of Edwards' asserted patents.

Third, the Court should grant Meril leave to file a second summary judgment motion because to do otherwise would reward Edwards for asserting baseless patent infringement claims. Meril properly challenged the patent infringement claims early in the case when they were amenable to adjudication.  Out of fairness, filing and succeeding on that earlier motion should not preclude Meril from later seeking summary judgment for claims where early summary judgment was not appropriate.

Fourth, Meril's summary judgment motion of no damages is warranted and will simplify issues for trial.  To receive damages under the Lanham Act, "[a] plaintiff must prove both the fact and the amount of damage." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993).  "[T]he court must ensure that the record adequately supports all items of damages . . . lest the award become speculative or violate [the Lanham Act's] prohibition against punishment." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 831 (9th Cir. 2011).  Further, "[d]amages and non-restitutionary disgorgement are not available under [California's Unfair Competition Law]." *SVGRP LLC v. Sowell Fin. Servs., LLC*, No. 16-cv-0302-VKD, 2019 WL 652890, at *17

(N.D. Cal. Feb. 15, 2019).

Courts have precluded damages as a matter of law where plaintiffs, as here, have failed to present evidence that the accused Lanham Act violations caused plaintiff harm. *See, e.g., Out of the Box Enters.* 732 F. App'x at 534; *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989) (holding that the district court erred in denying JMOL of no damages because plaintiff failed to introduce "actual evidence of some injury *resulting from the deception*") (emphasis in original). Edwards has failed to produce any evidence in discovery that Meril's alleged acts caused it harm, such as lost sales or lost clinical trial opportunities. Edwards' damages expert has also failed to identify evidence connecting Meril's alleged acts to loss of goodwill, corrective advertising, or Meril's foreign profits.

Finally, Edwards invites this Court to commit legal error by requesting disgorgement of Meril's foreign profits, notwithstanding that "[f]ederal courts ordinarily do not have an interest in protecting foreign consumers from confusion." *Trader Joe's Co. v. Hallatt*, 835 F.3d 960, 974 (9th Cir. 2016); *see also Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 613 (9th Cir. 2010) (Lanham Act could not be applied extraterritorially because the plaintiff could not show "monetary injury in the United States"). Moreover, Edwards has filed similar lawsuits against Meril in eleven European countries, including the countries where it seeks to disgorge Meril's profits. Allowing Edwards to pursue Meril's foreign profits in this U.S. action would violate principles of international comity and the prohibition against double-recovery.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant leave for Meril to file a second motion for summary judgment on the foregoing limited issues.

Dated:  September 3, 2021                    FENWICK & WEST LLP

By: */s/ Jeffrey A. Ware*
    Jeffrey A. Ware

Attorneys for Defendants
Meril Life Sciences Pvt. Ltd. and Meril, Inc