STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
STEVEN HANLE, Cal. Bar No. 168876
MATTHEW STEPHENS, Cal. Bar No. 288223
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660-6422
Telephone: 949.725.4000
Facsimile:  949.715.4100
E mail           shanle@sycr.com
                      mstephens@sycr.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
GAZAL POUR-MOEZZI, Cal. Bar No. 285932
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:     714.513.5100
Facsimile:      714.513.5130
E mail          cvandenbosch@sheppardmullin.com
                     gpour-moezzi@sheppardmullin.com

Attorneys for Plaintiffs
EDWARDS LIFESCIENCES CORPORATION,
and EDWARDS LIFESCIENCES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| EDWARDS LIFESCIENCES CORPORATION, a Delaware Corporation; EDWARDS LIFESCIENCES LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>MERIL LIFE SCIENCES PVT. LTD., an India private limited company; and MERIL, INC., a Delaware corporation,<br><br>Defendants. | Case No. 4:19-cv-06593 (HSG)<br><br>**EDWARDS LIFESCIENCES CORPORATION AND EDWARDS LIFESCIENCES LLC'S OPPOSITION TO MERIL LIFE SCIENCES' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>[[Proposed] Order filed concurrently herewith]<br><br>Hon. Haywood S. Gilliam, Jr. |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Meril Life Sciences seeks leave to bring a second motion for summary judgment because it disagrees with Edwards' evidence that it was harmed by Meril's undisputed false advertising and trademark infringement. It is undisputed that Meril falsely reported the data from its Myval-1 clinical trial and that the false data made its Myval device appear safer and more effective than Edwards' best-in-class SAPIEN 3 transcatheter heart valve, which is the result of years of innovation, improvement, and technical and clinical research. Yet Meril cynically disagrees with Edwards' evidence that this false advertising—which suggested that Meril could achieve better results in a fraction of the time at a fraction of the investment—harmed Edwards' reputation as an innovator and the leader in TAVR technical and clinical research. Meril's disagreement with Edwards' evidence is not the proper basis for a motion for summary judgment, and does not provide the good cause required for Meril to be afforded a second motion for summary judgment.

## II. RELEVANT FACTS

Edwards Lifesciences Corporation, a world-leading medical technology company specializing in artificial heart valves, sued Meril due to Meril's pattern and practice of copying Edwards' intellectual property and competing unfairly in the marketplace. (*See* FAC, ¶¶ 5, 28, 30, 53, 58.) Edwards has alleged, and the evidence proves, that Meril has made false and misleading claims regarding the safety and efficacy of Myval, including that the Myval-1 trial resulted in "100% Device Success" (*id.*, ¶ 46); 100% procedural success (Doc No. 191-2, Reply Hanle Decl., Ex. A, Bavaria Report at ¶¶ 112-123); no major adverse events (Doc No. 191-2, Reply Hanle Decl., Ex. A, Bavaria Report at pp. 12, 15, 23, 37, and 48; Ex. B, Desai Report ¶ 41.); and no paravalvular leak. (Doc No. 191-2, Reply Hanle Decl., Ex. A, Bavaria Report ¶¶ 129-132.) Each of these false statements, <u>if true</u>, would suggest that the Myval device outperforms Edwards' SAPIEN 3 device. But each of these statements is false based on Meril's own data. Meril has also admitted that it misrepresented the aortic valve gradient results of its study, which is an important metric of the efficacy of a TAVR device. (*See* Doc No. 177-10, Hanle Decl., Ex. I, Meril's Resp. & Objs. To 1st RFAs; Doc No. 191-2, Reply Hanle Decl., Ex. B, Desai Report ¶ 37; Def.'s Opp.

1  Br., Dkt. No. 185-4 at pp. 2-3.)  In fact, the numbers Meril reported, which Meril now <u>admits were</u>
2  <u>false</u> also suggest that Meril's Myval outperforms Edwards SAPIEN 3.  (*See, e.g.*, Doc No. 191-2,
3  Reply Hanle Decl., Ex. A, Bavaria Report at ¶¶ 70-78, 94; 153-56.)  It is beyond reasonable
4  dispute that these false statements harm Edwards reputation based on the many years and billions
5  of dollars it invested in developing its best-in-class SAPIEN 3 device.
6        Further, though Meril repeatedly touted its CE Mark as an indicia of Myval's safety and
7  efficacy in its U.S. advertising campaign, (*see id.*, ¶ 56), Edwards has learned that Meril's
8  regulatory approval and CE Mark for Myval was based on its false gradient data.  (*See* Doc. No.
9  120-2, ¶¶ 53-68.)  Edwards also alleges that Meril has infringed Edwards' federally registered and
10 well-known PARTNER® trademark by adopting the confusingly similar mark PARTNER THE
11 FUTURE.  (FAC, ¶¶ 51-52.)  Edwards' TAVR experts, Dr. Joseph Bavaria and Dr. Nimesh Desai,
12 have explain Edwards' reputation in the TAVR field, and how Meril's false data harmed Edwards
13 reputation in the field.  Edwards' damages expert, Mr. Michael Wagner has put forth a report,
14 calculating actual damages for loss of Edwards' goodwill and harm to Edwards' reputation, actual
15 damages for corrective advertising, and Meril's profits attributable to its false advertising and
16 trademark infringement.
17       This action also included patent infringement claims against Meril, but, on June 1, 2020,
18 Meril filed its Motion for Summary Judgment of Non-Infringement against Edwards which the
19 Court granted on October 16, 2020.  (Doc. Nos. 67, 98.)  Now, without good cause, Meril attempts
20 to file a second motion for summary judgment on plainly disputed issues of fact.  As Meril's
21 proposed motion will serve no purpose but to waste judicial resources on an issue concerning
22 expert testimony and obvious factual dispute, Edwards respectfully requests that Meril's motion
23 be denied.

### III.   APPLICABLE STANDARDS OF REVIEW

25       The Court's Standing Order for Civil Cases provides: "21. Parties are limited to filing one
26 motion for summary judgment. Any party wishing to exceed this limit must request leave of Court

1  and must show good cause."[1]  Rule 16(b) "is designed to ensure that 'at some point both the
2  parties and the pleadings will be fixed.  The Rule permits modification to the scheduling order
3  'upon showing of good cause *and* by leave of the district judge.'" (*Leary v. Daeschner*, 349 F.3d
4  888, 906 (6th Cir. 2003) (internal citations omitted).)

5     The Court's Standing Order reflects a policy expressed in case law: that successive
6  motions for summary judgment and generally disfavored.  (*See, e.g.*, *Peasley v. Spearman*, No.
7  15-CV-01769-LHK, 2017 WL 5451709, at *3 (N.D. Cal. Nov. 14, 2017) ("Although
8  successive motions for summary judgment are not categorically barred, they are generally
9  disfavored in federal court.") (quoting *AAA Flag & Banner Mfg. Co., Inc. v. Flynn Signs &*
10 *Graphics, Inc.*, 2010 WL 11463632, at *2 (C.D. Cal. Mar. 15, 2010)).  Standing Orders are meant
11 to manage the Court's limited resources.  (*Bernstein v. Virgin Am., Inc.*, No. 15-CV-02277-JST,
12 2017 WL 7156361, at *1 (N.D. Cal. Dec. 29, 2017) ("The purpose of the Court's standing order is
13 to manage the limited resources of the Court's time and attention.") (internal citations omitted.)
14 "When the Court must spend more time on one case, the inevitable cost is having less time to
15 spend on another. Limiting the parties' ability to seek the same relief successively is one way of
16 ensuring that the Court can devote adequate attention to each of the matters before it." (*Id.* at *1.)

17    The Ninth Circuit has "cautioned that district courts should 'weed out frivolous or simply
18 repetitive motions.'"  (*Kische USA*, 2017 WL 5881322 at *3 (citing *Hoffman v. Tonnemacher*, 593
19 F.3d at 909.).)  To do so, Courts can consider the following factors in allowing a second motion:
20 "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded
21 factual record; [or] (3) the need to correct a clear error or prevent manifest injustice." (*Kische*
22 *USA*, 2017 WL 5881322, at *3 (citation omitted).)  None of these apply here.

23 **IV.**  **MERIL'S MOTION SHOULD BE DENIED**

24    Meril has failed to demonstrate good cause to file a second summary judgment motion as
25 none of the grounds to justify a second motion for summary judgment are met here.  Only by

---

[1] Standing Order for Civil Cases Before District Judge Haywood S. Gilliam, Jr., *available at* https://cand.uscourts.gov/wp-content/uploads/judges/gilliam-hsg/HSG_Civil_Standing_Order_7-1-2021.pdf

viewing Meril's statements in the light most favorable to *Meril* (instead of Edwards, as is the required standard for motions for summary judgment) can Meril argue that Edwards has failed to produce evidence that Meril's unlawful acts caused Edwards harm, and that a second motion for summary judgment would be effectual.  Simply, Meril has failed to articulate good cause for being granted leave to file a second motion for summary judgment.

        Meril's first argument is that its first and second motion for summary judgment do not overlap.  Edwards does not dispute this.  But, Meril filed its first motion for summary judgment knowing this Court's standing order prohibited successive motions absent good faith.  Meril filed its motion despite this restriction, and despite knowing that the parties had not yet produced expert reports on the very issue that Meril now seeks to move for summary judgment on.

        Meril's second and third argument is that its first summary judgment motion narrowed the issues in this case and that not allowing it to file a second motion for summary judgment would reward Edwards for asserting "baseless patent infringement claims."  Meril cannot have it both ways.  Meril made a tactical decision not to move on Edward's trademark infringement and false advertising claims because it knew it could not get summary judgment on Edwards' non-patent claims.  Meril should not now receive the benefit of being able to file another motion for summary judgment.

        Meril's fourth argument is that its second summary judgment motion would simplify issues for trial.  This is not true.  Meril disagrees with the evidence put forth by Edwards through its experts.  But Meril's refusal to accept the evidence does not make it untrue and does not render proper Meril's filing of a second motion for summary judgment, particularly when Edwards vehemently disputes the topic on which Meril intends to move.  To allow Meril to file a second motion for summary judgment is futile because the only issues on which Meril intends to move are issues of highly disputed material fact.  Allowing Meril's second motion will result in the parties engaging in further expensive motion writing, will result in this Court expending further resources to review the parties' briefing, and ultimately will not narrow any issues for trial.  Edwards will be penalized by Meril's refusal to adhere to the Standing Order by having to brief an opposition to Meril's meritless motion.

## V. CONCLUSION

For all the reasons above, and specifically because Meril failed to show good cause for its attempt to file a second motion for summary judgment, and because Edwards will be harmed by Meril filing a second motion for summary judgment, Edwards respectfully requests that Meril's Motion be denied.

Dated: September 7, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By         /s/ Carlo F. Van Den Bosch
　　　　CARLO F. VAN DEN BOSCH
　　　　GAZAL POUR-MOEZZI

And

Steven Hanle
Matthew Stephens
STRADLING YOCCA CARLSON & RAUTH
A PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422

Attorneys for Plaintiffs
Edwards Lifesciences Corporation and
Edwards Lifesciences LLC