UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARDS LIFESCIENCES
CORPORATION, et al.,

Plaintiffs,

v.

MERIL LIFE SCIENCES PVT. LTD., et al.,

Defendants.

Case No. 19-cv-06593-HSG

**ORDER DENYING LEAVE TO FILE
SECOND MOTION FOR SUMMARY
JUDGMENT AND STRIKING MOTION
FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 200, 214

Edwards Lifesciences Corporation ("Edwards" or "Plaintiff"), a medical technology company specializing in artificial heart valves, filed this lawsuit against Meril Life Sciences Pvt. Ltd. and Meril, Inc. (collectively, "Meril" or "Defendants") on October 14, 2019, asserting claims of patent infringement, trademark infringement, and unfair competition. Dkt. No. 1. Now pending before the Court is Defendants' administrative motion seeking leave to file a second summary judgment motion, which Plaintiff opposes. *See* Dkt. Nos. 200 ("Mot."), 201 ("Opp."). For the reasons explained below, Defendants' Administrative Motion for Leave to File Second Motion for Summary Judgment is **DENIED** and Defendants' Second Motion for Summary Judgment is **STRICKEN.**

## I.   PROCEDURAL HISTORY

Plaintiff's First Amended Complaint ("FAC") states five causes of action for patent infringement as well as causes of action for trademark infringement and unfair competition. *See* Dkt. No. 51. On June 1, 2020, Defendants filed their first motion for summary judgment against Edwards for non-infringement of United States Patent Nos. 9,393,110 (the '110 patent); 9,119,716 (the '716 patent); 10,292,817 (the '817 patent), 6,878,168 (the '168 patent); and 10,053,256 (the '256 patent). *See* Dkt. No. 67. The Court granted Defendants' first summary judgment motion on

United States District Court
Northern District of California

1    October 16, 2020, and dismissed Plaintiff's five causes of action for patent infringement.  *See* Dkt.

2    No. 98.  On November 13, 2020, the Court issued a scheduling order governing Plaintiff's

3    remaining claims of trademark infringement and unfair competition.  *See* Dkt. No. 106.  The Court

4    set the following case deadlines: August 6 and August 20, 2021, for the exchange of opening and

5    rebuttal expert reports; September 3 and 7, 2021, for the close of fact and expert discovery; and

6    October 21, 2021, for the dispositive motion hearing.  *Id.*  The Court also set the Pretrial

7    Conference on January 18, 2022, with the Jury Trial to begin on February 7, 2022.  *Id.*

8         On September 3, 2021, Defendants filed a motion seeking leave to file a second summary

9    judgment motion on the grounds that, now at the close of discovery, Plaintiff has "failed to adduce

10   any evidence that it is entitled to damages for its remaining trademark and unfair competition

11   claims."  *See* Dkt. No. 200 at 1.  Plaintiff opposes this request and contends that its damages

12   expert has put forth a report calculating, among other things, actual damages for loss of Plaintiff's

13   goodwill and harm to its reputation.  *See* Dkt. No. 201 at 2.

14   **II.    DISCUSSION**

15        Under the Court's Standing Order, "[p]arties are limited to filing one motion for summary

16   judgment."  Civil Standing Order ¶ 21.  Any party wishing to exceed this limit must request leave

17   of Court and must show "good cause."  *Id.*  This rule is in line with the principle that successive

18   motions for summary judgment are "generally disfavored" in federal court.  *Peasley v. Spearman*,

19   No. 15-CV-01769-LHK, 2017 WL 5451709, at *3 (N.D. Cal. Nov. 14, 2017) (citations omitted).

20   However, district courts in this Circuit have discretion to permit successive motions for summary

21   judgment.  *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010).  When considering

22   whether to permit a successive motion for summary judgment, some courts in this Circuit have

23   considered the following factors: "(1) an intervening change in controlling law; (2) the availability

24   of new evidence or an expanded factual record; and (3) the need to correct a clear error or prevent

25   manifest injustice."  *See Kische USA LLC v. Simsek*, No. C16-0168JLR, 2017 WL 5881322, at *3

26   (W.D. Wash. Nov. 29, 2017) (citations and internal punctuation omitted); *see also Brazill v. Cal.*

27   *Northstate Coll. of Pharm., LLC*, No. CIV. 2:12-1218 WBS GGH, 2013 WL 4500667, at *1 (E.D.

28   Cal. Aug. 22, 2013) (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995)).

United States District Court
Northern District of California

Here, the Court finds that Defendants have failed to show "good cause" to exceed their limit of one summary judgment motion for three reasons. First, it does not appear, and Defendants do not demonstrate, that their second motion would be based on an intervening change in controlling law. Second, while Defendants emphasize that their second motion for summary judgment would not overlap with their first—in other words, there is new evidence and an expanded factual record available—the Court finds that this often will be the case when, as here, a party moves for summary judgment early in the case well before the close of fact discovery. This factor thus has little persuasive weight in this case.

Finally, and most importantly, the Court notes that Defendants' second motion for summary judgment is unlikely to narrow the issues in this lawsuit or lead to its efficient resolution because it focuses on a plainly disputed issue of fact. Defendants' principal contention is that Plaintiff has failed to produce compelling evidence that it suffered harm as a result of Defendants' alleged misstatements at issue in this case. *See* Mot. at 2. In response, Plaintiff contends that its damages experts have explained how Defendants' statements harmed Plaintiff's reputation as an innovator and leader in its field, and have calculated actual damages for loss of Plaintiff's goodwill, harm to its reputation, and corrective advertising. *See* Opp. at 3. Bearing in mind that this Court would be required to view the facts and draw reasonable inferences in the light most favorable to Plaintiff, *see Scott v. Harris*, 550 U.S. 372, 378 (2007), the Court finds that Defendants' second motion for summary judgment is unlikely to resolve these competing allegations of fact and therefore would not foster the "just, speedy, and inexpensive" resolution of this lawsuit. *See Hoffman*, 593 F.3d at 911. Moreover, the Court finds little risk of injustice or prejudice to Defendants since, if necessary, they may raise this argument as a motion for judgment as a matter of law under Rule 50(b) of the Federal Rules of Civil Procedure, as was done in the sole (unpublished) case they cite in their administrative motion. *See Out of the Box Enterprises, LLC v. El Paseo Jewelry Exch., Inc.*, 732 F. App'x 532 (9th Cir. 2018) (reviewing a district court's denial of a Rule 50(b) motion for judgment as a matter of law and concluding that plaintiff failed to introduce evidence sufficient to establish the existence and amount of its Lanham Act damages). For these reasons, the Court finds in its discretion that Defendants have not shown "good cause" to file an additional motion

for summary judgment.

## III.     CONCLUSION

Defendants' Administrative Motion for Leave to File Second Motion for Summary Judgment is **DENIED.**  As a necessary consequence, Defendants' Second Motion for Summary Judgment, Dkt. No. 214, is **STRICKEN.**

**IT IS SO ORDERED.**

Dated:  9/21/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

4