UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERIL LIFE SCIENCES PVT. LTD., et al.,<br><br>Defendants. | Case No. 4:19-cv-06593-HSG   (KAW)<br><br>**ORDER REGARDING 7/29/2021 AND 8/25/2021 JOINT DISCOVERY LETTERS**<br><br>Re: Dkt. No. 180, 195 |

On July 29, 2021, filed a joint discovery letter[1] pertaining to whether Edwards's designation of Dr. Joseph Bavaria as an expert witness and its ability to disclose Meril's confidential information to him under the stipulated protective order. (Joint Letter #1, Dkt. No. 180-4.) On August 25, 2021, the parties filed another joint discovery letter pertaining to Edwards's identification of Nimesh Desai, MD, PhD, as a physician expert witness, to which Meril also objected. (Joint Letter #2, Dkt. No. 195.) On October 28, 2021, the Court held a hearing on the renewed motion for sanctions, during which the undersigned questioned the parties on these two pending joint letters.

As an initial matter, given the incredible volume of discovery disputes in this case, the Court will only briefly address the merits. To do otherwise would result in the unnecessary expenditure of limited judicial resources.

In sum, Meril is objecting to Edwards' designation of Drs. Bavaria and Desai as experts who can review their confidential information pursuant to Paragraph 7.4 of the stipulated

---

[1] Unlike its other joint letters, the parties did not file a redacted copy on the public docket separate from the motion to file under seal, so the undersigned only recently realized that the dispute regarding Dr. Bavaria was outstanding, as the chambers copy did not contain the ECF header.

protective order. Meril's position is that the doctors aren't "independent" because they are consultants since they are investigators on other clinical trials. Pursuant to the protective order, an "expert" is

> a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

(Protective Order, Dkt. No. 151.)

Dr. Bavaria has a formal consulting agreement with Edwards, so he does not qualify as an independent expert under the protective order. (*See* Joint Letter #1 at 6.) The fact that Dr. Bavaria's agreement is with another business unit is of no consequence. Therefore, Dr. Bavaria is not entitled to access Meril's highly confidential information.

Dr. Desai, on the other hand, does not have a consulting agreement, but Meril argues that he receives compensation from Edwards indirectly, because Edwards pays the hospital for his involvement in Edwards' clinical trials. (Joint Letter #2 at 5.) Meril further contends that Dr. Desai is currently working on Edwards' Sapien 3 clinical trials, and he has refused to forego consulting for Edwards with respect to future Sapien product development, clinical trials, and regulatory strategy. *Id.* at 6. The Court finds Meril's arguments to disqualify Dr. Desai unavailing. Indeed, there is no dispute that Dr. Desai does not have a formal consulting agreement with Edwards. Furthermore, the fact that he refuses to expressly agree to not consult for Edwards in the future is not the same as the protective order's requirement that future employment be merely unanticipated. Also, Meril's argument that Dr. Desai works with Dr. Bavaria so they will likely discuss highly confidential information is offensive. The Court trusts that Dr. Desai will honor the stipulated protective order's "Acknowledgment and Agreement to Be Bound" and will not disclose any information subject to the protective order.[2]

Accordingly, Dr. Desai qualifies as an independent expert under the stipulated protective

---

[2] The undersigned is troubled by Edwards' representation that defense counsel attempted to cast aspersions on Dr. Desai at his deposition for not having reviewed Meril's highly confidential information when the only reason he was denied access was Meril's objection to his designation as an expert.

2

order, and is, therefore, granted access to Meril's highly confidential information. The parties shall meet and confer regarding the amount of time necessary for Dr. Desai to review the highly confidential information before producing an amended expert report, and, if necessary, the scheduling of a further deposition. Any such stipulation or request shall be presented to Judge Gilliam for approval.

IT IS SO ORDERED.

Dated: November 8, 2021

*[signature]*
KANDIS A. WESTMORE
United States Magistrate Judge