UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERIL LIFE SCIENCES PVT. LTD., et al.,<br><br>Defendants. | Case No. 19-cv-06593-HSG<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING AND DENYING ASSOCIATED ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. No. 209, 210, 217, 225, 239, 243 |

Pending before the Court is Plaintiffs Edwards Lifesciences Corporation's and Edwards Lifesciences LLC's (collectively "Edwards" or "Plaintiffs") Motion for Partial Summary Judgment, for which briefing is complete. Dkt. Nos. 210 ("Mot."); 226 ("Opp."); and 240 ("Reply"). The parties have also filed associated administrative motions to seal ("Motions to Seal") portions of their briefs and exhibits. Dkt. Nos. 209, 217, 225, 239, 243. For the following reasons, Plaintiffs' Motion for Partial Summary Judgment is **DENIED** and their Motions to Seal are **GRANTED and DENIED.**

**I.   BACKGROUND**

Because this case has been actively litigated, the Court limits its review of the factual and procedural background to that relevant to the pending motions. Defendants Meril Life Sciences Pvt. Ltd. and Meril, Inc. (collectively "Meril" or "Defendants") are an India-based, global medical device company that created a "Myval" branded transcatheter heart valve. Dkt. No. 98 at 1. Plaintiffs supply medical devices for the treatment of heart disease, including artificial heart valves. *Id.* at 2. Among their best-known products are "SAPIEN®" transcatheter prosthetic heart valves. *Id.*

On April 6, 2020, Plaintiffs filed a first amended complaint with claims for: (1) Statutory

1   and Common Law Trademark Infringement in violation of 15 U.S.C. § 1114 and the common law;
2   (2) Unfair Competition in violation of 15 U.S.C. § 1125(a); and (3) Unfair Competition and False
3   Advertising in violation of §§ 17200 and 17500 of the California Business and Professions Code.
4   Dkt. No. 51 (or "FAC") ¶¶ 96-111.  In their statutory and common law trademark infringement
5   claim, Plaintiffs allege that Defendants infringed their PARTNER trademark by using the phrase
6   "Partner the Future" at the 2019 TCT Conference in San Francisco; at the 2019 EuroPCR
7   Conference in Paris, France; and in promotional materials related to those two events.  *Id.* ¶¶ 20-
8   22, 49-52.  In their Lanham Act and California unfair competition law (UCL) claims, Plaintiffs
9   allege that Defendants made several false or misleading statements associated with their presence
10  at cardiovascular conferences.  *Id.* ¶¶ 41-52.  Defendants allegedly made these statements at
11  various cardiovascular conferences and on the internet, including via their websites and social
12  media accounts on Facebook, YouTube, and LinkedIn, as well as numerous email "blasts."  *See*
13  Mot. at 5-6.

**II.  LEGAL STANDARD**

15  Summary judgment is proper when a "movant shows that there is no genuine dispute as to
16  any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).
17  A fact is "material" if it "might affect the outcome of the suit under the governing law."  *Anderson*
18  *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a dispute is "genuine" if there is evidence
19  in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party.  *Id.*
20  But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from
21  the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec.*
22  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986), and "may not weigh the evidence
23  or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997),
24  *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).  If a court
25  finds that there is no genuine dispute of material fact as to only a single claim or defense or as to
26  part of a claim or defense, it may enter partial summary judgment.  Fed. R. Civ. P. 56(a).

## III. DISCUSSION

### A. Motion for Partial Summary Judgment

The elements of a Lanham Act false advertising claim are: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

Plaintiffs appear to move for partial summary judgment as to the first and fourth elements of their seventh and eighth claims for false advertising and unfair competition under the Lanham Act. *See* Mot. at 1 ("[Plaintiff] move[s] the Court for partial summary judgment on the issues of falsity and use in interstate commerce, the first and fourth elements of Edwards' seventh and eighth claims for false advertising and unfair competition under the Lanham Act") and 2 ("Summary judgment on the issues of falsity and use in commerce, the first and fourth elements of Edwards' false advertising claims, is warranted with respect to the misrepresentations addressed herein").

#### i. Falsity

Although the first Lanham Act element requires "a false statement of fact by the defendant *in a commercial advertisement* about its own or another's product," Plaintiffs' motion fails to address whether any or all of the statements in question qualify as "commercial advertisements." *See Southland Sod Farms*, 108 F.3d at 1139 (emphasis added). Instead, in response to Defendants' Opposition Brief, Plaintiffs devote a significant portion of their Reply Brief to arguing, for the first time, that Defendants' false statements are commercial advertisements. *See* Reply at 2-6.

This is improper. Plaintiffs' motion for partial summary judgment as to the first element of the Lanham Act is denied because Plaintiffs' Motion does not address whether Defendants'

3

allegedly false statements were "in a commercial advertisement" and they cannot do so for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Having denied Plaintiffs' request for partial summary judgment as to the first element of the Lanham Act, the Court finds it inefficient to use Rule 56 to engage in piecemeal summary disposition of the remaining discrete and plainly disputed factual issues and therefore declines to do so.[1] *See* Fed. R. Civ. P. 56(g); Fed. R. Civ. P. 56(g) Advisory Committee Notes to 2010 Amendments ("If it is readily apparent that the court cannot grant all the relief requested by the motion, it may properly decide that the cost of determining whether some potential fact disputes may be eliminated by summary disposition is greater than the cost of resolving those disputes by other means, including trial."); *see also Robertson v. F. Martin*, 2021 WL 545895, at *2 (C.D. Cal. Jan. 4, 2021) ("In the present case, Plaintiff does not seek summary judgment, or summary adjudication, with respect to any claim or defense or any part of any claim or defense. Rather, Plaintiff seeks an adjudication of discrete, assertedly undisputed facts. The use of Rule 56 for this purpose is inappropriate.").

### ii. Interstate Commerce

Plaintiffs' request for partial summary judgment as to the fourth Lanham Act element is also denied because they have not met their burden of proving that Defendants' statements made solely at various cardiovascular conferences were necessarily made in interstate commerce.

The Lanham Act defines the word "commerce" to include "all commerce which may lawfully be regulated by Congress." 15 U.S.C. § 1127. Because Congress may regulate the channels and instrumentalities of interstate commerce, and activities that substantially affect interstate commerce, *see United States v. Morrison*, 529 U.S. 598, 608 (2000), Lanham Act jurisdiction "attaches to use of a false statement in interstate commerce, or 'intrastate commerce which 'affects' interstate commerce.'" *Jerome's Furniture Warehouse v. Ashley Furniture Indus., Inc.*, 2021 WL 1541649, at *6 (S.D. Cal. Apr. 20, 2021) (citing *Thompson Tank & Mfg. Co. v.*

---

[1] To take just one example, Plaintiffs ask the Court to find as a matter of law that Defendants' presentation "conceal[ed]" that certain data presented was from 30 patients, when the main slide in question explicitly states "N=30". *See* Mot. at 13-19; Opp. at 11.

4

*Thompson*, 693 F.2d 991, 992–93 (9th Cir. 1982)); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1489 n.14 (9th Cir. 1996); *Stauffer v. Exley*, 184 F.2d 962, 966 (9th Cir. 1950).

Plaintiffs contend that Defendants' statements made at various cardiovascular conferences or on the internet were indisputably made in interstate commerce and accordingly seek summary judgment as to that element of their Lanham Act false advertising claim. *See* Mot. at 24. But as to Defendants' statements made solely at various cardiovascular conferences, Plaintiffs' argument rests almost entirely on one out-of-circuit case in which a district court held, without citing any authority, that the defendant placed a product in interstate commerce by both "widely distributing" the product to attendees at a trade show and sending the product to potential customers.[2] *See Merck Eprova AG v. Gnosis S.p.A.*, 901 F. Supp. 2d 436, 451 (S.D.N.Y. 2012). The record here is unclear as to how widely Defendants distributed any statements made solely at cardiovascular conferences and, in any event, the Court is not inclined to rely on this out-of-circuit authority to find that a trade show conference is necessarily a channel or instrumentality of interstate commerce. Moreover, Plaintiffs' Motion does not explain if or how these statements substantially affected interstate commerce. *See* Mot. at 24-25. Plaintiffs' request for partial summary judgment as to the fourth element of the Lanham Act is accordingly denied.

Having denied that request, the Court again declines to engage in further summary disposition of discrete issues, such as whether individual statements made on a website or in emails were used in interstate commerce, for the reasons explained above. *See* Fed. R. Civ. P. 56(g) Advisory Committee Notes to 2010 Amendments ("Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.").

Accordingly, Plaintiffs' motion for partial summary judgment as to the first and fourth elements of the Lanham Act is **DENIED.**

---

[2] The other case Plaintiffs cite did not address the interstate commerce element. *See Underground Solutions, Inc. v. Palermo*, 188 F. Supp. 3d 717 (N.D. Ill. 2016).

### B. Motions to Seal

The parties have also filed administrative motions to seal portions of their briefs and exhibits related to Plaintiffs' Motion for Partial Summary Judgment. Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).

Records attached to non-dispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotation omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

The documents at issue in the pending motions to seal relate to Plaintiffs' dispositive motion for partial summary judgment so the Court will apply the "compelling reasons" standard.

#### i. Dkt. Nos. 209, 217

On September 16, 2021, Plaintiffs filed an administrative motion to file under seal certain documents relating to Plaintiffs' motion for partial summary judgment but did so based solely on Defendants' designation of the documents as confidential. *See* Dkt. No. 209. Because the parties'

6

1  designations alone are insufficient to meet the compelling reasons standard, the Court denies this
2  request to seal.
3      On September 20, 2021, Defendants separately moved for administrative relief and
4  clarified that they seek to seal the expert report of Dr. Ramesh B. Daggubati (Ex. 1 to the
5  Declaration of Carlo F. Van Den Bosch In Support of Plaintiffs' Partial Summary Judgment
6  Motion ("Van Den Bosch Decl.")); limited portions of the deposition transcript of Dr. Daggubati
7  (Ex. 27 to Van Den Bosch Decl.); Meril's discovery responses (Ex. 19 to the Van Den Bosch
8  Decl.); Meril's regulatory submission to the Polish Center for Testing and Certification (Ex. 26 to
9  the Van Den Bosch Decl.); limited portions of the Partial Summary Judgment Motion that
10 describe these documents; and limited portions of the Van Den Bosch Declaration that describe
11 Meril's raw clinical data. *See* Dkt. No. 217-1.
12     First, Defendants contend that Exhibits 1, 19, 26, and 27 to the Van Den Bosch Declaration
13 contain information regarding their clinical trial strategies or the raw medical data underlying
14 those trials, including for their Myval clinical trials. *See id.* The Court has already ordered certain
15 filings to be filed under seal in this case because they contained sensitive proprietary information
16 concerning Meril's clinical and regulatory strategies for their Myval System and continues to find
17 compelling reasons to seal information for that basis. *See* Dkt. Nos. 66, 98; *see also United States*
18 *ex rel. Ruhe v. Masimo Corp.*, 2013 WL 12131173, at *2 (C.D. Cal. Aug. 26, 2013) (internal
19 research studies and clinical tests for developing the accused device, and non-public data
20 submitted to the FDA in the course of regulatory approval, were "confidential, proprietary, and [ ]
21 valuable"); *In re Incretin-Based Therapies Prods. Liab. Litig.*, 2015 WL 11658712, at *3 (S.D.
22 Cal. Nov. 18, 2015) (sealing confidential and proprietary information relating to the
23 "development, testing, and regulation" of proposed drugs, the disclosure of which would result in
24 "significant competitive harm").
25     However, the Court is not convinced that Exhibit 1, the Expert Report of Ramesh B.
26 Daggubati, M.D., needs to be sealed in its entirety because portions of this report contain
27 information that is not confidential or proprietary but may nevertheless be valuable to the public.
28 *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (reversing a district court's

1  order to seal that "inappropriately extended to non-confidential material"). Though the redactions
2  to this exhibit may be extensive, they need not be total. Accordingly, the Parties are directed to
3  file a narrowly tailored request that only seeks to seal the portions of Exhibit 1 that contain
4  information regarding the clinical trial strategies or the raw medical data underlying those trials.

5        Second, Defendants seek to seal portions of Plaintiffs' Partial Summary Judgment Motion
6  that Defendants contend also contain references to their confidential clinical trial data. For the
7  foregoing reasons, the Court finds compelling reasons to seal the portions of Plaintiffs' Partial
8  Summary Judgment Motion that contain information regarding clinical trial strategies or raw
9  medical data underlying those trials. In the Court's view, however, this does not include the
10  motion's general references to Defendants' responses to Plaintiffs' requests for admission. *See*
11  Dkt. No. 209-5 at i:8; 2:17-18; 8:10-12; 9:2; 12:13-15. Defendants' clinical trial strategies and
12  underlying raw medical data are proprietary but their mere admission that they presented
13  inaccurate data is not. While this information may be embarrassing to Defendants, that alone is
14  insufficient to overcome the "strong presumption in favor of [public] access." *Psystar Corp.*, 658
15  F.3d at 1162. In short, data itself may be proprietary and protected, but a general admission that
16  data is inaccurate is neither. To summarize, and as further reflected below, Docket No. 209 is
17  **DENIED**, and Docket No. 217 is **GRANTED IN PART** and **DENIED IN PART.**

| Docket No. Sealed/(Public) | Document | Portion(s) Sought to be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|---|---|
| 217-5 / (217-4) | Declaration of Carlo F. Van Den Bosch in Support of Plaintiffs' Partial Summary Judgment Motion ("Van Den Bosch Decl.") | 6:20-27 | Thakkar Declaration ¶¶ 3-4; Tung Declaration ¶¶ 5-7 | Granted |
| 209-7 / (210-5) | Exhibit 1 to the Van Den Bosch Decl. | Entire document. | Thakkar Declaration ¶¶ 3-4; Tung Declaration ¶¶ 5-7 | DENIED |
| 209-10 / (211) | Exhibit 19 to the Van Den Bosch Decl. | Entire document. | Thakkar Declaration ¶¶ 3-4; Tung Declaration ¶¶ 5-7 | Granted |
| 209-13 / (211) | Exhibit 26 to the Van Den Bosch Decl. | Entire document. | Thakkar Declaration ¶¶ 3-4; Tung Declaration ¶¶ 5-7 | Granted |
| 217-7 / (217-6) | Exhibit 27 to the Van Den Bosch Decl. | 26:14-31:10 | Thakkar Declaration ¶¶ 3-4; Tung Declaration ¶¶ 5-7 | Granted |
| 209-5 / (210) | Plaintiffs' Partial Summary Judgment Motion | i:8; 2:17-18, 22; 8:10-12; 9:2; 10:26-27; 12:13-15, 26-28; 19:9-10; 20:21-22; 22:6, 10-12, 17-22; 23:9-12 (as designated by Plaintiffs) | Thakkar Declaration ¶¶ 3-4; Tung Declaration ¶¶ 5-7 | Granted in part but DENIED as to i:8; 2:17-18; 8:10-12; 9:2; 12:13-15 |

### ii. Dkt. No. 225

On September 30, 2021, Defendants filed an administrative motion to file under seal certain documents relating to their Opposition to Edwards' Motion for Partial Summary Judgment (the "Opposition"). *See* Dkt. No. 205. Specifically, Defendants moved to seal: (1) the entirety of Exhibit B to the Declaration of Melanie Mayer In Support of Meril's Opposition to Edwards' Motion for Partial Summary Judgment ("Mayer Declaration"), which is the Myval-1 Clinical Study Protocol; (2) portions of Exhibit F to the Mayer Declaration, which is an excerpt from the transcript of the deposition of Edwards' expert, Nimesh Desai, M.D., Ph.D.; (3) portions of Exhibit G to the Mayer Declaration, which is an excerpt from the transcript of the deposition of Edwards' expert, Joseph Bavaria, M.D.; and (4) certain limited portions of Meril's Opposition to Edwards' Motion for Partial Summary Judgment that quote from or summarize portions of Exhibits F and G to the Mayer Declaration. *Id.*

As to the first request, the Court finds that the Myval-1 Clinical Study Protocol reflects Meril's clinical trial strategies for the Myval device, including information about the study's endpoints, the study design, and patient follow-up methodology and, for the reasons explained above, finds compelling reasons to seal this document. However, the parties have not provided compelling reasons to seal the following three exhibits. Defendants explain that they seek to seal portions of Exhibits F and G, as well as portions of their Opposition that quote from or summarize portions of Exhibits F and G, in accordance with their obligations under the Protective Order, which in turn states that "a Party may not file in the public record in this action any Protected Material . . . [w]ithout written permission from the Designating Party or a court order secured after appropriate notice to all interested persons." *See* Dkt. Nos. 151, 205. But because the parties' designations alone are insufficient to meet the compelling reasons standard, the Court denies this request to seal. To summarize, and as further reflected below, Docket No. 225 is **GRANTED IN PART** and **DENIED IN PART.**

10

| Docket No. Sealed/(Public) | Document | Portion(s) Sought to be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|---|---|
| 225-4/(226-4) | Exhibit B to the Declaration of Melanie Mayer in Support of Meril's Opposition to Edwards' Motion for Partial Summary Judgment ("Mayer Declaration") | Entire document | Thakkar Declaration ¶¶ 4-5; Mayer Declaration ¶¶ 4-7 | Granted |
| 225-6/(226-8) | Exhibit F to the Mayer Declaration | 38:1-25 | Thakkar Declaration ¶¶ 4-5; Mayer Declaration ¶¶ 4-7 | DENIED |
| 225-8/(226-9) | Exhibit G to the Mayer Declaration | 102:1-25; 189:1-25; 190:1-25 | Thakkar Declaration ¶¶ 4-5; Mayer Declaration ¶¶ 4-7 | DENIED |
| 225-10/(226) | Meril's Opposition to Edwards' Motion for Partial Summary Judgment | 8:9-10; 9:16-25; 10:2; 10:8-9 | Thakkar Declaration ¶¶ 4-5; Mayer Declaration ¶¶ 4-7 | DENIED |

### iii. Dkt. Nos. 239, 243

On October 7, 2021, Plaintiffs filed an administrative motion to seal in connection with their Reply in Support of their Motion for Partial Summary Judgment ("Reply"). Dkt. No. 239. Plaintiffs' motion to seal identifies four documents containing confidential information: Exhibits A, B, and C to the Hanle Declaration to be filed under seal in their entirety, and the Reply to be partially sealed. Because the parties' designations alone are insufficient to meet the compelling reasons standard, the Court denies this request to seal.

Defendants separately filed a motion to seal stating that although they agree that Exhibit A should be filed under seal in its entirety, they generally seek to seal more limited portions of Exhibits B and C, and the Reply. *See* Dkt. No. 243. Consistent with Plaintiffs' motion, Defendants first seek to seal the entirety of Exhibit A, which Defendants contend contains sensitive proprietary information relating to Meril's business strategies concerning trade shows.

11

1   *Id.* at 1.  The Court has already found that there are compelling reasons for filing this document
2   under seal and has ordered it sealed.  *See* Dkt. Nos. 87, 98 at 18-19.  For the same reasons, the
3   Court again finds compelling reasons to seal this document.
4          Defendants next seek to seal Exhibits B and C in their entirety.  Defendants contend that
5   Exhibit B contains sensitive and proprietary information concerning Meril's regulatory strategies
6   and regulatory submissions for the Myval transcatheter heart valve.  *See* Dkt. 243 at 2.
7   Defendants separately contend that Exhibit C contains sensitive and proprietary information
8   concerning Meril's clinical trials for the Myval transcatheter heart valve, including a discussion of
9   the Myval clinical data.  *Id.*  The Court agrees that these exhibits contain confidential and
10  proprietary information and, for the reasons explained above, finds compelling reasons to seal
11  them.  Finally, Defendants seek to seal limited portions of the Reply.  This request is derivative, as
12  it seeks to seal portions of the Reply that describe or reference the confidential information in
13  Exhibits A, B, and C.  Accordingly, the Court also finds compelling reasons to seal the
14  descriptions or references of confidential information contained in the Reply.
15         To summarize, and as further reflected below, Docket No. 239 is **DENIED**, but Docket
16  No. 243 is **GRANTED.**

| Docket No. Sealed/(Public) | Document | Portion(s) Sought to be Sealed | Evidence Offered in Support of Sealing | Ruling |
|---|---|---|---|---|
| 239-2/(240-2) Edwards' Filing | Exhibit A to the Declaration of Steven Hanle in Support of Plaintiff's Reply in Support of its Motion for Partial Summary Judgment ("Hanle Declaration") | Entire document | Thakkar Declaration ¶¶ 4-5; Mayer Declaration ¶¶ 4-10 | Granted |
| 239-3/(240-3) Edwards' Filing 243-5/(243-4) Meril's Filing | Exhibit B to the Hanle Declaration | 198:1-15 | Thakkar Declaration ¶¶ 4-5; Mayer Declaration ¶¶ 4-10 | Granted |

12

| | | | | |
|---|---|---|---|---|
| 239-4/(240-4) Edwards' Filing<br><br>243-7/(243-6) Meril's Filing | Exhibit C to the Hanle Declaration | 34:3-12; 34:15-16; 34:18; 34:20-23; 34:25; 71:1-3; 71:6-13; 71:15-25; 72:1-2; 72:5-10; 72:12-21; 73:6-9; 73:20-24 | Thakkar Declaration ¶¶ 4-5; Mayer Declaration ¶¶ 4-10 | Granted |
| 239-5/(240-5) Edwards' Filing<br><br>243-9/(243-8) Meril's Filing | Plaintiff's Reply in Support of Motion for Partial Summary Judgment | 5:11-15; 9:2-4; 11:3-6; 11:25-26; 12:7-15; 12:20-26: 14:n.7 | Thakkar Declaration ¶¶ 4-5; Mayer Declaration ¶¶ 4-10 | Granted |

## IV. CONCLUSION

For the reasons explained above, Plaintiffs' Motion for Partial Summary Judgment is **DENIED.** As to the associated Motions to Seal, Docket Nos. 209 and 239 are **DENIED**, Docket No. 243 is **GRANTED**, and Docket Nos. 217 and 225 are **GRANTED IN PART** and **DENIED IN PART.** Within seven days of the filing of this Order, the parties shall file public versions of the documents identified above that comport with this Order.

**IT IS SO ORDERED.**

Dated: 11/10/2021

_Haywood S. Gilliam, Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge

13