UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERIL LIFE SCIENCES PVT. LTD., et al.,<br><br>Defendants. | Case No. 4:19-cv-06593-HSG   (KAW)<br><br>**ORDER REGARDING 11/4/21 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 271 |

This case has had an unprecedented number of discovery disputes, many of which should have been resolved without court intervention.

On August 18, 2021, the parties filed a joint discovery letter regarding Meril's 30(b)(6) deposition notice. (Dkt. No. 192.) On October 26, 2021, the undersigned terminated the joint letter on the grounds that the parties failed to comply with the format prescribed in the undersigned's standing order. (Dkt. No. 264.) The Court, however, permitted the parties to refile the letter if the issues addressed therein remained unresolved. *Id.* at 1.

On November 4, 2021, the parties filed the instant joint letter. (Joint Letter, Dkt. No. 271.) The Court will briefly address the two[1] disputes below.

**A.   Rule 30(b)(6) Testimony for Topics 1-24, 26-32, 34-35 and Personal Depositions of Larry Wood and Pooja Sharma**

On July 6, 2021, Meril noticed the depositions of Larry Wood and Pooja Sharma for July

---

[1] Meril also complains about the sufficiency of Edwards' document production in response to their requests for production of documents, but the joint letter purports to address Meril's Rule 30(b)(6) deposition notice. Since the undersigned requires that each joint letter address a single discovery device, the undersigned will not consider any arguments pertaining to Edwards' responses to the requests for production. (*See* Judge Westmore's Standing Order ¶ 14(b).)

15, 2021. (Joint Letter, Ex. A at 1-2.) Edwards responded that nine days was not sufficient notice to prepare witnesses on the 37 noticed topics. (Joint Letter at 3.) Edwards then suggested that the depositions go forward on August 12, 2021 and August 13, 2021, which were the only dates Wood and Sharma were available prior to the fact discovery cutoff. *Id.* at 4.

As an initial matter, parties are required to meet and confer regarding scheduling before a deposition is noticed. Civil L.R. 30-1 ("[B]efore noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel…."). Additionally, the Northern District Guidelines for Professional Conduct provide that, in addition to following Civil Local Rule 30-1, attorneys "should be cooperative in noticing depositions at mutually agreeable times and locations and shall accommodate the schedules and geographic limitations of opposing counsel and the deponent where it is possible to do so, while also considering the scheduling requirements in the litigation." (N.D. Guidelines § 9b (Depositions).) Given the 9-day notice in this case, and the fact that the parties do not describe any scheduling efforts prior to the noticing of the deposition, it appears that Meril violated Civil Local Rule 30-1. Had Meril followed the rules, this dispute may have been avoided.

Moreover, the fact that Meril waited until August 10, 2021 at 5:30 PM to notify Edwards that they were unavailable on the morning of August 12, 2021 is unreasonable, and Meril should not be rewarded for such gamesmanship. (*See* Joint Letter at 4.)

Notwithstanding, Meril asks that the undersigned preclude Edwards from presenting any testimony on Topics 1-24, 26-32, and 35-35, any testimony from Wood or Sharma, and any expert testimony relying on Wood and Sharma at trial. (Joint Letter at 3.) While the undersigned would be inclined to deny such a request, such a determination must be made by the district judge, and usually through a motion in limine.

### B.   Rule 30(b)(6) Testimony for Topic 25

Meril seeks leave to take deposition testimony on Edwards' gross profits and profit margins for Sapien pursuant to Topic 25. (Joint Letter at 6.) In response, Edwards contends that the information is highly confidential and is not relevant, because they are not seeking damages for lost profits. *Id.*

Since Edwards is not seeking lost profits, the information is not relevant under Rule 26. Accordingly, Meril's request to compel further deposition testimony on this topic is DENIED.

IT IS SO ORDERED.

Dated: December 8, 2021

_____
KANDIS A. WESTMORE
United States Magistrate Judge