J. DAVID HADDEN (CSB No. 176148)
dhadden@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

MELANIE MAYER (*pro hac vice*)
mmayer@fenwick.com
JEFFREY A. WARE (CSB No. 271603)
jware@fenwick.com
JONATHAN T. McMICHAEL (CSB No. 304737)
jmcmichael@fenwick.com
MICHELLE IRWIN (*pro hac vice*)
mirwin@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Telephone:  206.389.4510
Facsimile:  206.389.4511

Attorneys for Defendants
MERIL LIFE SCIENCES PVT. LTD.
and MERIL, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

| | |
|---|---|
| Edwards Lifesciences Corporation, a Delaware Corporation; Edwards Lifesciences LLC, a Delaware Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>Meril Life Sciences Pvt. Ltd., and Meril, Inc.,<br><br>Defendants. | Case No.: 4:19-cv-06593-HSG<br><br>**MERIL LIFE SCIENCES PVT. LTD., AND MERIL, INC.'S MOTION IN LIMINE NO. 1 RE: FACTS, THEORIES, AND TESTIMONY NOT DISCLOSED DURING DISCOVERY**<br><br>Date:      January 18, 2022<br>Time:     3:00 p.m.<br>Dept:     Courtroom 2, 4th Floor<br>Judge:   Haywood S. Gilliam, Jr. |

# NOTICE OF MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

**PLEASE TAKE NOTICE** that, on January 18, 2022 at 3:00 p.m., Meril Life Sciences Pvt. Ltd. and Meril, Inc. (collectively, "Meril") will and hereby do move *in limine*, pursuant to Federal Rules of Civil Procedure 26 and 37, to preclude Plaintiffs Edwards Lifesciences Corporation and Edwards Lifesciences LLC (collectively, "Edwards") from presenting facts, theories, and testimony not disclosed in discovery. This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities included herewith, the supporting Declaration of J. David Hadden, all pleadings and papers on file in this action, and such further evidence, argument, and exhibits that may be submitted to the Court at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Rule 26 requires timely disclosure of information in discovery, and Edwards failed to comply in this case. After the close of fact and expert discovery, Edwards has attempted to introduce new liability theories—*i.e.*, allegedly false or misleading statements by Meril—that Edwards failed to disclose in response to Meril's interrogatories. Edwards also withheld damages theories, and evidence relating to such theories, leaving Meril no way to assess those theories or respond. In addition, Edwards failed to make witnesses available for deposition and to provide Rule 30(b)(6) testimony on numerous topics. Having failed to comply with the Rules, Edwards cannot offer evidence at trial for the first time that was not properly provided in discovery.

### II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26 requires disclosure of information in discovery, one purpose of which is to avoid litigation by ambush. Rule 37, in turn, provides that if a party fails to provide the information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court has "particularly wide latitude . . . to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). A motion *in limine* is a proper vehicle to exclude

evidence and witnesses that have not been disclosed or that are not disclosed in a timely manner. *See id.* at 1105 (upholding exclusion of late-disclosed expert under Rule 37); *Lee v. Retail Store Emp. Bldg. Corp.*, No. 15-cv-4768-LHK, 2017 WL 6387771, at *8-11 (N.D. Cal. Dec. 14, 2017) (excluding late-disclosed witnesses and evidence); *Magadia v. Wal-Mart Assocs., Inc.*, No. 17-cv-62-LHK, 2018 WL 6003376, at *2 (N.D. Cal. Nov. 15, 2018) (same).

## III.   ARGUMENT

Edwards should be precluded from offering (A) new theories of liability not disclosed in discovery; (B) damages theories and evidence that were not timely disclosed; and (C) testimony from witnesses who were not made available for deposition, or on issues for which Edwards failed to provide a Rule 30(b)(6) witness.

### A.   New Theories of Liability Not Disclosed in Discovery

Edwards alleges that Meril engaged in false advertising in violation of the Lanham Act. Dkt. 51, ¶¶ 41-52, 96-111.  During discovery, Meril served an interrogatory requiring Edwards to identify all allegedly false statements by Meril, *i.e.*, the bases for Edwards' claim.  Hadden Decl., Ex. B (Plaintiffs' Supp. Resp. to ROGs) at 20.  Edwards identified 14 allegedly false statements in its response. *Id.* at 21-24.

Edwards has now impermissibly attempted to broaden the bases for its false advertising claim after the close of discovery.  In its draft of the Joint Pretrial Statement, Edwards included three new allegedly false statements: "100% Procedural Success," "no major adverse events," and a statement that "echocardiographic findings from the 30-patient study were confirmed by the CRF Echo Core Lab."  Hadden Decl., Ex. A at 4-5, ¶¶ 4(c), (d), (f).  Edwards failed to disclose any of these new theories of liability in its interrogatory response during discovery. *Compare id.* with Hadden Decl., Ex. B at 21-24.

Edwards cannot expand its theories of liability to include new allegedly false advertising statements after the close of discovery.  Hadden Decl., Ex. B at 20-24 (Plaintiffs' Supp. Resp. to ROGs).  Indeed, the allegedly false advertisements form the "very heart" of Edwards' case, such that withholding those theories until Meril has no opportunity to address them amounts to improper sandbagging. *See, e.g.*, *S.F. Bay Area Rapid Transit Dist. v. Spencer*, No. 04-CV-04632

SI, 2007 WL 421336, at *4 (N.D. Cal. Feb. 5, 2007) (precluding allegedly false claims that were not identified during fact discovery under Rule 37, as "[t]he inadequately disclosed information at issue here—the nature and number of the false claims—goes to the very heart of what remains of [plaintiff's] case"); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 324 (C.D. Cal. 2004) (striking new liability theories during summary judgment because "[l]earning of plaintiff's liability theories only after they had filed their motion for summary judgment placed defendants at a distinct disadvantage and constituted unfair surprise").

Edwards has not argued, and cannot credibly argue, that its decision to withhold liability theories during discovery is substantially justified or harmless. *See* Fed. R. Civ. P. 37(c). Indeed, the "statements" in question appeared on Meril's public website, in emails from years ago, or in discovery timely produced by Meril during the discovery period. *See* Dkt. 210 at 20-21. Because discovery had already closed when Edwards identified each of these new theories, Meril had no time or discovery mechanism to address them and was unfairly prejudiced. *S.F. Bay Area Rapid Transit Dist.*, 2007 WL 421336, at *4; *Cambridge*, 227 F.R.D. at 324.

**B.    Damages Theories of Loss of Goodwill or Corrective Advertising**

Rule 26 requires a plaintiff to "provide to the other parties a computation of *each category of damages* claimed by the disclosing party," as well as all "the *documents or other evidentiary material*, unless privileged or protected from disclosure, *on which each computation is based*, including materials bearing on the nature and extent of injuries suffered." *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphases added). These requirements prevent plaintiffs from "evad[ing] the duty to lay out its damages contentions at the outset of the case merely because it hopes it can frame more handsome contentions after discovery." *See Brandywine Commc'ns Techs., LLC v. Cisco Sys., Inc.*, No. 12-cv-01669-WHA, 2012 WL 5504036, at *1-3 (N.D. Cal. Nov. 13, 2012); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1369-71 (Fed. Cir. 2021) (affirming exclusion of damages opinions); *Fiteq Inc. v. Venture Corp.*, No. 13-CV-01946-BLF, 2015 WL 12976111, at *1 (N.D. Cal. Jan. 16, 2015) (similar).

Here, Edwards fell short of these requirements. Edwards' January 14, 2020 initial disclosures failed to provide any notice that it sought damages for loss of goodwill or corrective

FENWICK & WEST LLP
ATTORNEYS AT LAW

advertising, and instead identified only patent infringement damages and "exemplary and statutory damages." Dkt. 250-3 at 10-11. Edwards further failed to timely disclose its calculations and the underlying documents that its damages expert, Dr. Wagner, ultimately relied on in response to Meril's interrogatories. *See id.*; Hadden Decl., Ex. B (Plaintiffs' Supp. Resp. to ROGs) at 25-26. Only upon serving Dr. Wagner's expert report on August 6, 2021 did Edwards finally disclose its theories, when there was no time left in discovery for Meril to explore them. Dkt. 250 at 12-14. Accordingly, Rule 37(c)(1) precludes Edwards from presenting this information at trial "unless the failure to disclose was substantially justified or harmless." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (affirming exclusion at trial of undisclosed damages evidence).

Edwards' failure to disclose this information until the end of discovery with the service of Dr. Wagner's report is neither justified nor harmless. It is not justified because Edwards had ample opportunity to do so, in its initial disclosures and in response to Meril's interrogatories. Hadden Decl., Ex. B (Plaintiffs' Supp. Resp. to ROGs) at 15-17, 24-26. Indeed, *all* of the facts underlying Edwards' loss of goodwill and corrective advertising claims were within Edwards' possession from the beginning. Nor was Edwards' failure to disclose these theories and evidence harmless, as Edwards waited to do so until after the cut-off for Meril to take discovery or formulate its defense. In addition, as discussed below, Meril had no ability to depose Edwards' witnesses or verify the basis for Edwards' alleged damages. Thus, the Court should preclude Edwards from pursuing damages for loss of goodwill and corrective advertising.

### C. Offering Testimony of Witnesses Not Deposed, or on Topics for Which Edwards Failed to Provide a Rule 30(b)(6) Witness

Edwards should be precluded from offering testimony at trial (1) from witnesses it failed to make available for deposition, and (2) on topics for which it did not provide a 30(b)(6) witness. With respect to the former, Edwards' trial witness list identifies Larry Wood and Pooja Sharma as its first and second "will call" witnesses. As Meril showed in its December 23 motion, Edwards failed to identify either witness in initial disclosures until *after* their only stated dates of availability during the discovery period. Dkt. 314 at 2. Edwards also refused Meril's request for

1  mutually agreeable deposition dates, and has not agreed to Meril's request that these witnesses be
2  made available for deposition before trial. *Id.* Edwards should not be permitted to shield its
3  witnesses from deposition and later bring them to trial. *See, e.g.*, *Johnson v. J.B. Hunt Transp.,*
4  *Inc.*, 280 F.3d 1125, 1131-32 (7th Cir. 2002) (barring witnesses not made available for deposition
5  from testifying at trial); *Zeinali v. Raytheon Co.*, No. 07-CV-1852-JM (CAB), 2008 WL
6  4820993, at *2 (S.D. Cal. Nov. 3, 2008) ("Witnesses cannot be shielded from identification and
7  deposition and later brought to trial"), *reversed in part on other grounds*, 425 F. App'x 643 (9th
8  Cir. 2011).

9   Nor should Edwards be permitted to present testimony on 30(b)(6) topics for which it did
10  not make a witness available. As it stands, Edwards has not provided *any* Rule 30(b)(6)
11  testimony for all but a few of the topics in Meril's 30(b)(6) deposition notice (Topics 1-24, 26-32,
12  34-35), and should not be permitted to do so in the first instance at trial. Hadden Decl., Ex. C
13  (Meril's Rule 30(b)(6) Deposition Notice) at 3-7; *see also Tacori Enters. v. Beverlly Jewellery*
14  *Co.*, 253 F.R.D. 577, 583-85 (C.D. Cal. 2008) (precluding party from offering evidence regarding
15  Rule 30(b)(6) topics for which it did not provide a witness).

### IV. CONCLUSION

17  For these reasons, Meril respectfully requests that the Court grant its motion *in limine* and
18  preclude Edwards from presenting new theories of liability not disclosed in discovery; damages
19  theories and evidence that were not timely disclosed; and testimony from witnesses who were not
20  made available for deposition, or on issues for which Edwards failed to provide a Rule 30(b)(6)
21  witness.

Dated: December 28, 2021                    FENWICK & WEST LLP

                                            By: */s/ J. David Hadden*
                                                J. David Hadden

                                            Attorneys for Defendants
                                            Meril Life Sciences Pvt. Ltd. and Meril, Inc.