UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERIL LIFE SCIENCES PVT. LTD., et al.,<br><br>Defendants. | Case No. 19-cv-06593-HSG<br><br>**ORDER RE DEFENDANTS' MOTION TO STRIKE UNTIMELY OPINIONS OF NIMESH DESAI, M.D., PH.D.**<br><br>Re: Dkt. No. 312 |

Before the Court is Meril Life Sciences Pvt. Ltd.'s and Meril, Inc.'s (collectively, "Meril") motion to exclude certain opinions of Nimesh Desai, M.D., Ph.D., a medical expert for Defendants Edwards Lifesciences Corporation and Edwards Lifesciences LLC (collectively, "Edwards") as untimely under Federal Rules of Civil Procedure 26 and 37. Dkt. No. 312. Edwards has filed an opposition. Dkt. No. 330. For the following reasons, the Court **GRANTS** Meril's Motion to Strike.

**I.   BACKGROUND**

The Court's Scheduling Order set August 6, 2021 as the deadline for Edwards to disclose its expert opinions in this case. *See* Dkt. No. 106. On that date, Edwards served an expert report by Dr. Desai, one of its two physician experts. *See* Dkt. No. 312-4. At the same time, the parties were engaged in a discovery dispute about the scope of materials that Dr. Desai could access under their stipulated protective order. Specifically, Meril opposed Edwards' designation of Dr. Desai as an expert authorized to review information deemed "Confidential" or "Highly Confidential" under the parties' protective order and refused to disclose its confidential information to Dr. Desai. *See* Dkt. No. 195. Dr. Desai accordingly did not review Meril's documents designated Confidential or Highly Confidential at the time of his August 6 report. *See*

Dkt. No. 312 at 4.

Judge Westmore resolved the parties' protective order dispute on November 8, 2021. *See* Dkt. Nos. 195, 278. Judge Westmore's Order concluded that Dr. Desai qualifies as an independent expert under the stipulated protective order and therefore granted him access to Meril's "highly confidential information." Dkt. No. 278 at 2-3. Judge Westmore then directed the parties to "meet and confer regarding the amount of time necessary for Dr. Desai to review the highly confidential information before producing an amended expert report, and, if necessary, the scheduling of a further deposition." *Id.* at 3.

On December 8, 2021, Edwards served the amended expert report of Dr. Desai, which significantly expands the scope of his initial expert report. *Compare* Dkt. No. 312-4 (spanning 11 pages) *with* Dkt. No. 312-3 (spanning 89 pages).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that expert disclosures must be made at the times directed by the Court. *See* Fed. R. Civ. P. 26(a)(2)(D). Rule 37, in turn, provides that if a party fails to provide the information required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The Court has "particularly wide latitude" to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

When considering whether an untimely expert report is substantially harmless or justified, the Court may consider various factors, including: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

## III.   DISCUSSION

Meril contends that Judge Westmore's Order only authorized Dr. Desai to offer new opinions on issues related to Meril's previously undisclosed Confidential and Highly Confidential materials. *See* Dkt. No. 312 at 5. Meril's motion accordingly seeks to exclude certain portions of

2

Dr. Desai's amended report as untimely on the ground that they are based on documents and information that were available to Dr. Desai at the time of his initial report. *See id.* at 1. Edwards reads Judge Westmore's Order more broadly. In its view, Judge Westmore's Order authorized Dr. Desai to provide "an amended—and not merely a supplemental—report" which addresses not only Meril's previously undisclosed confidential information related to its clinical data, but also Meril's document productions and expert opinions produced after Dr. Desai served his initial report on August 6, 2021. *See* Dkt. No. 330 at 1.

The Court finds that Edwards misreads Judge Westmore's Order. The Order solely addressed the extent to which Edwards's physician expert witnesses may review information deemed confidential under the parties' stipulated protective order. *See* Dkt. No. 278. Since the Order did not mention the timeliness of Meril's document productions or the propriety of certain opinions in Meril's expert reports, the Court finds no basis to conclude that it authorized Edwards to address those issues from scratch well after the August 6 expert disclosure deadline. If accepted, Edwards' argument would make the expert disclosure deadline meaningless.

In the Court's view, Judge Westmore's Order allowed Dr. Desai to file an amended report that only addresses newly-produced documents and materials deemed "Confidential" or "Highly Confidential" under the parties' stipulated protective order. *See* Dkt. No. 278. So to the extent Dr. Desai's opinions in his amended report served on December 8, 2021 are based on documents and information that were available to him at the time of his initial report, those opinions violate the August 6, 2021 deadline for Edwards to disclose its expert opinions in this case and are therefore untimely. *See* Fed. R. Civ. P. 37(c)(1). Moreover, the Court finds that Edwards' untimely disclosure of these opinions—less than six weeks before the final pretrial conference and eight weeks before trial—has and will continue to force Meril to expend unnecessary time and resources, causing prejudice to its trial preparation.

For those reasons, the Court **GRANTS** Meril's motion to strike as to any portions of Dr. Desai's amended report that do not directly address documents and materials deemed "Confidential" or "Highly Confidential" under the parties' stipulated protective order. The Court **DIRECTS** Plaintiff's Counsel to file by January 11, 2022, a sworn declaration under oath that

3

confirms, by citations to specific bates numbers, which, if any, of the following portions of the December 8, 2021 Amended Expert Report of Dr. Desai are directly based on documents and materials deemed "Confidential" or "Highly Confidential" by the parties stipulated protected order: paragraphs 9, 20-49, 51-75, 81-86, 92-168, 170-178, 196-203, 208-210, and 222-272.  Any of those paragraphs that Plaintiff's Counsel cannot directly attribute to newly-produced documents and materials deemed "Confidential" or "Highly Confidential" are **STRICKEN.**

**IT IS SO ORDERED.**

Dated:  1/4/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge