UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERIL LIFE SCIENCES PVT. LTD., et al., <br><br> Defendants. | Case No. 19-cv-06593-HSG <br><br> **ORDER RE MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> Re: Dkt. No. 314 |

Pending before the Court is Meril Life Sciences Pvt. Ltd.'s and Meril, Inc.'s (collectively, "Meril") motion for relief from the December 9, 2021 Order of Magistrate Judge Kandis A. Westmore. *See* Dkt. Nos. 271, 308, 314. Edwards Lifesciences Corporation and Edwards Lifesciences LLC (collectively, "Edwards") has filed an opposition. *See* Dkt. No. 356. For the reasons provided below, the Court **GRANTS** Meril's motion.

At issue is whether Meril may depose Mr. Larry Wood, Edwards' Corporate Vice President, and Ms. Pooja Sharma, Edwards' Vice President of Strategy and Program Management. On July 6, 2021, Meril served a 30(b)(6) deposition notice, noticing a deposition of Edwards through persons designated to testify on Edwards' behalf regarding certain topics. *See* Dkt. No. 271-1. That deposition was set to commence on July 15, 2021, or a date "otherwise agreed by counsel." *Id.* Edwards designated Mr. Wood and Ms. Sharma to testify on its behalf but objected to the July 15 date and notified Meril that the witnesses would instead be made available on August 12 and 13. Dkt. No. 271 at 2-4. Meril then objected to the August 12 and 13 dates, and the parties ultimately could not agree on a deposition date for Mr. Wood and Ms. Sharma. Dkt. No. 192. The parties accordingly filed a Joint Discovery Dispute Letter on August 18, 2021, which Judge Westmore ultimately resolved on December 9, 2021. Dkt. No 308.

Judge Westmore's Order concluded that Meril violated Civil Local Rule 30-1, which requires parties to meet and confer regarding scheduling before noticing a deposition, and further found that Meril had engaged in "gamesmanship" by waiting until August 10, 2021 to notify Edwards that it could not proceed with the depositions of Mr. Wood and Ms. Sharma on the morning of August 12, 2021. *Id.* In the pending motion, Meril contends that Judge Westmore's December 9 Order rests upon multiple factual misunderstandings and requests the opportunity to take depositions of Edwards' witnesses so that it has a meaningful opportunity to cross-examine them at trial. *See* Dkt. No. 314.

To begin with, the undersigned agrees with Judge Westmore that many of the "unprecedented number of discovery disputes" in this case are of the kind that professional lawyers routinely should, and do, resolve without expending judicial resources. *See* Dkt. No. 308. While it should go without saying, the Court strongly encourages both parties to recommit to professionalism and good-faith cooperation for the remainder of this case.

Turning to the merits, having reviewed newly-submitted email correspondence between counsel for Meril and counsel for Edwards that was not before Judge Westmore, the Court concludes that Meril is correct.[1] *See* Dkt. No. 357-2; 357-3. That correspondence shows that as early as August 2, 2021, Meril made clear to Edwards that the August 12 and 13 deposition dates would not leave sufficient time for Meril to review Edwards' ongoing and incomplete document productions prior to those depositions, and thus sought alternative dates. *See* Dkt. No. 357-2. Based on that evidence, the Court finds that: (1) Meril did not wait until the last minute to object to the August 12 and 13 deposition dates; and (2) Edwards' refusal to provide alternative dates that would allow Meril time to adequately review the completed document production was unreasonable. Moreover, while Edwards offered Meril another opportunity to take the Wood and Sharma depositions in early December, the Court finds that it was also unreasonable for Edwards to condition these depositions of key witnesses on Meril withdrawing an entirely unrelated and

---

[1] The email correspondence was not before Judge Westmore because her Standing Order states that joint discovery letters may not be accompanied by exhibits or affidavits other than exact copies of interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony. *See* Judge Westmore S.O. 14(b).

potentially important document request. *See* Dkt. Nos. 356 at 1; 271 at 3.

For these reasons, the Court **GRANTS** Meril's motion. Edwards shall make Mr. Wood and Ms. Sharma available for deposition on or before January 21, 2022. If Edwards fails to do so, those witnesses will be precluded from offering testimony at trial, and testimony from other witnesses that purports to be based on information from them also will be excluded.

**IT IS SO ORDERED.**

Dated: January 10, 2022

*[signature: Haywood S. Gilliam Jr.]*

HAYWOOD S. GILLIAM, JR.
United States District Judge