UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERIL LIFE SCIENCES PVT. LTD., et al.,<br><br>Defendants. | Case No. 19-cv-06593-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 374 |

Before the Court is Defendants Meril Life Sciences Pvt. Ltd.'s and Meril, Inc.'s ("Meril") motion for relief from the January 14, 2022 Order of Magistrate Judge Kandis A. Westmore regarding Plaintiffs' Renewed Motion for Sanctions. *See* Dkt. No. 374 ("Mot."). Plaintiffs Edwards Lifesciences Corporation and Edwards Lifesciences LLC ("Edwards") oppose the motion. *See* Dkt. No. 377 ("Opp."). Having reviewed the parties' submissions and the underlying record, the Court **DENIES** Meril's motion.

The background for this motion is a long-running discovery feud (one of an exceptionally large number in this case) about whether Meril must produce the source documents and raw data underlying its 30-person and 100-person Myval-1 clinical trials that took place in India. In September 2020, Edwards served document requests seeking those documents. *See* Dkt. No. 114-1. Judge Westmore overruled Meril's objections to Edwards' document requests, found the raw data "relevant to Edwards's claim that Meril falsely reported data on the Myval heart valve," and ordered Meril to produce the raw data by March 21, 2021. *See* Dkt. No. 116.

Edwards claimed that Meril failed to produce the raw data in response to Judge Westmore's order and filed its first motion for sanctions. Dkt. No. 146. In opposition, Meril argued that Indian privacy law prevented it from disclosing the underlying data of medical records

from the patients in the clinical studies. Dkt. No. 156. On May 20, 2021, Judge Westmore held that Edwards was entitled to "anonymized raw data" from the Myval-1 clinical studies and directed Meril to produce such data. Dkt. No. 170 at 1-2.

On July 23, 2021, Edwards filed a renewed motion for sanctions on the grounds that Meril continued to withhold the underlying patient medical records from the Myval-1 clinical studies, as well as other documents responsive to Requests for Production Nos. 161-179 and 184-191. Dkt. No. 177. In opposition, Meril argued that it does not have possession, custody, or control of the patient medical records. Dkt. No. 186. Rather, Meril claimed that it produced the raw data it had collected, which is the data that independent cardiologists at participating Indian hospitals entered into a secure third-party database. *See id.*

On January 14, 2022, Judge Westmore granted in part and denied in part Edwards' renewed motion for sanctions. Dkt. No. 369 ("January 14 Order"). Judge Westmore reviewed the terms of Meril's "Clinical Trials Agreements" with the participating "Institutions" and the MyVal-1 "Clinical Study Protocol" and determined that, under those documents, the underlying patient medical records are within Meril's legal custody or control. *See id.* at 4-5. The January 14 Order therefore compelled Meril to produce by January 21, 2022, "all underlying medical records" from the Myval studies, including those "in the possession of Institutions," and directed Meril to coordinate with the Institutions to obtain copies of the records. *Id.* at 5-6.

Meril now seeks relief from the January 14 Order on the ground that Judge Westmore's conclusion that the underlying medical records and documents at issue are owned by Meril or are in Meril's "legal possession" is clearly erroneous. *See* Mot. at 2.

The Court disagrees. A non-dispositive order entered by a magistrate will stand unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). The district court reviews "the magistrate's order for clear error" and does not simply substitute its own judgment. *See Grimes*, 951 F.2d at 241. After reviewing the terms of Meril's Clinical Trials Agreements with the participating hospitals and the MyVal-1 Clinical Study Protocol, the Court finds that Judge Westmore's conclusion that those documents establish that Meril has the legal right to access the underlying medical records

2

and documents at issue is not clearly erroneous or contrary to law. *See* January 14 Order at 4-5; Dkt. Nos. 185-6, 186-9, Ex. 1 § 2.22.

The January 14 Order also addressed Edwards' request for the following six different forms of relief:

1. Requiring Meril to immediately produce (a) all underlying medical records from the 30-Person and 100-Person Myval-1 clinical studies; and (b) all documents responsive to Request Nos. 161-179 and 184-191 including without limitation, communications underlying Meril's various representations and all drafts of marketing where Meril made the various representations, and requiring Meril to certify to the Court, in writing, that it has produced all such documents;

2. Permitting Edwards to supplement its experts' opinion and testimony if and when responsive material is produced after the deadlines set in the Scheduling Order (Dkt. No. 106);

3. Permitting Edwards to obtain further deposition testimony from Meril regarding any documents produced pursuant to the requested order;

4. For Meril to show cause why it should not be held in contempt for failing to produce all documents required by this Court's February 19 and May 20, 2021 Orders;

5. Requiring Meril to pay coercive sanctions of $10,000 per day until it complies with this Court's February 19 and May 20, 2021 Orders; and

6. Awarding Edwards' reasonable attorneys' fees and costs incurred in connection with this motion, subject to further briefing on such fees and costs.

*See* January 14 Order at 6.

As to Edwards' requested relief, the Court rules as follows: Meril shall produce the relief requested in Edwards' first request, which includes the echocardiograms (anonymized to protect patient privacy), their accompanying reports, and other medical records underlying the Myval-1 study, by 5:00 p.m. on January 28, 2022.[1]

The Court will consider Edwards' second and third requests to supplement its experts' opinions and obtain further deposition testimony once the records have been produced.

---

[1] Based on Dkt. No. 388, the Court assumes that Meril has provided access to its Myval-1 study eCRF database as ordered by Judge Westmore. Any further complaints about the sufficiency of Meril's production, *see* Dkt. No. 397, should be addressed to Judge Westmore in the first instance.

1   Edwards' fourth and fifth requests are denied for the reasons Judge Westmore provided in
2   the January 14 Order.  *See id.* at 7.
3   Edwards' sixth request will be addressed by Judge Westmore in the first instance.
4   Edwards also requests that the Court "convene an evidentiary hearing" to address whether
5   there was spoliation of approximately 500 echocardiograms.  *Id.*  That request is unreasonable and
6   unwarranted, and is denied.

8   **IT IS SO ORDERED.**
9   Dated: 1/25/2022

    _____
    HAYWOOD S. GILLIAM, JR.
    United States District Judge