UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDS LIFESCIENCES CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MERIL LIFE SCIENCES PVT. LTD., et al.,<br><br>Defendants. | Case No. 19-cv-06593-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**<br><br>Re: Dkt. No. 482 |

Pending before the Court is a combined administrative motion to file documents under seal. Dkt. No. 482. The Court **GRANTS** the motions to seal documents at the following Docket Numbers 249-3; 257-8; 249-6; 295-3; 295-4; 295-5; 295-6; 295-7; 300-5; 300-6; 300-7; 305-2; 305-4; 311-4; 311-5; 315-4; 315-5; 315-6; 315-7; 315-8; 325-2; 325-3; 325-4; 325-1; 326-4; 326-5; 326-6; 326-7; 344-4; 344-6; 344-7; 358-4; 358-5; 360-4; 360-5; 362-4; 362-5; 362-6; 362-7; 373-4; 384-3; 393-3; 393-4; 421-10; 406-8; 406-9; 406-11; 406-4; 440-8; 440-9; 440-15; 440-16; 440-17; 440-18; 453-3; 453-4; 440-14; 444-5; 444-8; 449-5; 449-6; 449-9; 444-4; 449-4; 449-6; 449-7; 449-8; 449-9 and **DENIES** the remaining motions.

I.   **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion

must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*  Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must explain "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1).  The request must be "narrowly tailored to seal only the sealable material." *Id.* at 79-5(c)(3).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted).  This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

The parties agree that many of the requests are moot or the parties have withdrawn them. Accordingly, the Court **DENIES AS MOOT** the requests to seal the documents at the following Docket Numbers: 249-6; 249-7; 249-9; 257-4; 257-7; 305-5; 305-7; 373-5; 406-6; 406-7; 406-10; 440-10; 440-11; 440-12; 440-13; 444-6; 444-7.

Local Rule 79-5(e)(2) requires filing an unredacted version with the sections the parties seek to seal highlighted. The Court **DENIES** without prejudice the requests to seal the documents at the following Docket Numbers for failure to comply with this rule: 249-4; 249-6; 257-5; 257-6; 257-8; 257-9; 250-11; 285-4; 209-7; 305-3; 309-5; 309-6; 309-7; 309-8; 406-5; 421-5; 421-6; 421-7; 421-8; 421-9 421-10; 421-11; 421-12; 421-13; 421-14. No later than **Thursday, April 6, 2023**, the parties requesting to seal these documents shall refile them with the appropriate highlighting or file unredacted versions of the documents.

All other requests to seal are **GRANTED**. The Court did not rely on these documents in its orders in this now-closed case, with the consequence that the documents are not necessary to understand what has happened in the case. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification."). Moreover, these documents meet the compelling reasons standard for sealing: they contain sensitive medical and other personal information; incorporate data from clinical trials; and detail internal business matters such as the costs associated with clinical trials and other internal business operations and information about profits and profit margins. These documents could be used by those "seeking to replicate [] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *See Algarin v. Maybelline*, LLC, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8,

2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy").

### III. CONCLUSION

The Court **DENIES** the requests at the following Docket Numbers: 249-6; 249-7; 249-9; 257-4; 257-7; 305-5; 305-7; 373-5; 406-6; 406-7; 406-10; 440-10; 440-11; 440-12; 440-13; 444-6; 444-7; 249-4; 249-6; 257-5; 257-6; 257-8; 257-9; 250-11; 285-4; 209-7; 305-3; 309-5; 309-6; 309-7; 309-8; 406-5; 421-5; 421-6; 421-7; 421-8; 421-9 421-10; 421-11; 421-12; 421-13; 421-14.  The Court **GRANTS** all other requests.  The Court **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within seven days from the date of this order.

**IT IS SO ORDERED.**

Dated:   3/31/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge